STATE v. ROBERT RANDOLPH, JR.

(Filed 28 February, 1968.)

**1. Automobiles § 126;   Criminal Law § 55—**

The results of a breathalyzer test are admissible in evidence when the person making the test is shown to be qualified as an expert and the manner in which the test is made meets the requirements of G.S. 20-139.1.

**2. Same; Constitutional Law § 33—**

The requirements of *Miranda v. Arizona*, 384 U.S. 436, are inapplicable to a breathalyzer test administered pursuant to G.S. 20-139.1, since the taking of a breath sample from an accused for the purpose of the test is not evidence of a testimonial or communicative nature within the privilege against self-incrimination.

**3. Automobiles § 126; Criminal Law § 55—**

The technician operating a breathalyzer machine may properly request an accused to submit to the test. G.S. 20-16.2.

**4. Criminal Law § 162—**

Where the record fails to show exceptions to the testimony on the trial, an assignment of error to the admission of evidence does not properly present the question on appeal.

HUSKINS, J., took no part in the consideration or decision of this case.

APPEAL by defendant from *McKinnon, J.,* August 1967 Regular Mixed Session of SCOTLAND. This case was docketed and argued at the Fall Term 1967 as No. 827.

Defendant was charged with operating a motor vehicle upon the highways of North Carolina while under the influence of intoxicating liquor, in Violation of G.S. 20-138.

State's witness J. E. Greene, a State Highway Patrolman, testified that on 3 March 1967, at about 10:50 p.m., he observed defendant as the latter accelerated to 65 mph in a 55 mph zone and, in a weaving manner, drove near and over the center line of the road. Greene stated that defendant was swaying after getting out of his car and that he detected alcohol on defendant's breath. After defendant was placed under arrest and taken to the police station, he told Greene that he drank twelve beers that night. In Greene's opinion defendant was under the influence of an intoxicating beverage. Defendant interposed no objections to Greene's testimony.

C. G. Gardner, of the State Highway Patrol, testified that he had completed all courses required by the State Board of Health and had been licensed by the State Board in 1966 to administer breathalyzer tests. He testified in detail as to the manner in which the test was given to defendant on 3 March 1967 at about 11:15 p.m. He further testified:

"... We were sitting there talking, just carrying on a normal conversation, Mr. Randolph, Trooper Greene and myself. There was some conversation between me and the defendant about the test.

Q. Will you relate it?

A. He asked me the purpose —

"He asked me what the breathalyzer was; I told him it was a machine which determined the amount of alcohol in the blood, and registered at the time he blew in the machine. After I told him, I asked him if he wanted to take a test. He said he would cooperate."

Defendant moves to strike that portion of Officer Gardner's testimony within the quotation marks. Motion denied. Defendant excepts, and this constitutes Defendant's EXCEPTION #1.

"He said he would cooperate, for me to go ahead and make the test. I set the machine up and cleared the machine . . ."

"Q. What did the test you made on this occasion reflect?

A. The reading was .20 per cent alcohol in the blood."

G.S. 20-139.1 and G.S. 20-16.2 are statutes pertinent to this decision. G.S. 20-139.1 provides in part:

"(a) In any criminal action arising out of acts alleged to have been committed by any person while driving a vehicle while under the influence of intoxicating liquor, the amount of alcohol in the person's blood at the time alleged as shown by chemical analysis of the person's breath shall be admissible in evidence and shall give rise to the following presumptions:

If there was at that time 0.10 per cent or more by weight of alcohol in the person's blood, it shall be presumed that the person was under the influence of intoxicating liquor."

G.S. 20-16.2 is, in part, as follows:

"Operation of motor vehicle deemed consent to alcohol test; manner of administering; refusal to undergo. — (a) Any person who operates a motor vehicle upon the public highways of this State or any area enumerated in G.S. 20-139 shall be deemed to have given consent, subject to the provisions of G.S. 20-139.1, to a chemical test of his breath for the purpose of determining the alcoholic content of his blood for any offense arising out of acts alleged to have been committed while the person was driving a motor vehicle while under the influence of intoxicating liquor. The test or tests shall be administered upon request of a law enforcement officer having reasonable grounds to believe the person to have been driving a motor vehicle upon the public

highways of this State or any area enumerated in, G.S. 20-139 while under the influence of intoxicating liquor.

(b)   If a person under arrest refuses to submit to a chemical test under the provisions of G.S. 20-16.2, evidence of refusal shall be permissible in any criminal action growing out of an alleged violation of driving a motor vehicle upon the public highways of this State or any area enumerated in G.S. 20-139 while under the influence of intoxicating liquor. . . ."

Defendant testified that he drank about four to six beers while shooting pool and within a period of two and three-quarter hours. He stated that he did not stagger and that he had control of his car at all times, and that the beer did not affect his operation of the automobile. He stated he was told that he did not have to take the test.

In rebuttal for the State, Patrolman Greene reiterated that defendant told him in the patrol office that he drank twelve beers that night.

The jury returned a verdict of guilty, and from sentence imposed defendant appealed.

*Attorney General Bruton, Assistant Attorney General Melvin, and Staff Attorney Costen for the State.*
*Johnson, Hedgpeth, Biggs & Campbell for defendant.*

PER CURIAM.   Defendant assigns as error the trial court's action in refusing to strike testimony of Officer Gardner (1) relative to results of the breathalyzer test, and (2) the conversation between defendant and Officer Gardner relating to request of defendant to take the test.

The record shows that the manner in which the test was made and the qualifications of the person administering the test met the requirements of G.S. 20-139.1. Thus, nothing else appearing, the results would be competent evidence. *State v. Powell,* 264 N.C. 73, 140 S.E. 2d 705. However, defendant contends that the rules set out in *Miranda v. Arizona,* 86 Sup. Ct. 1602 (June 13, 1966), 384 U.S. 436, are applicable here. The *Miranda* rules apply to involuntary confessions obtained by compulsion or some means of enforced communication. The Federal Court clearly distinguishes and removes the instant case from application of *Miranda* in *Schmerber v. California,* 384 U.S. 757, 86 Sup. Ct. 1826 (June 20, 1966), where the Court approved the taking of a blood test to determine alcohol content over defendant's vehement objection (as compared here with defendant's cooperation). In *Schmerber* the Court stated:

". . . We hold that the privilege protects an accused only from being compelled to testify against himself, or otherwise provide the State with evidence of a testimonial or communicative nature, and that the withdrawal of blood and use of the analysis in question in this case did not involve compulsion to these ends."

Here, there was no involuntary confession or enforced communication by defendant. Further, the test was given by and with defendant's free consent after he had been advised as to the operation of the machine and that he did not have to take the test.

We see no merit in defendant's argument that the technician who operated the breathalyzer machine should be excluded from asking defendant to submit to the test. The arresting officer or the technician could have properly asked defendant to submit to the test. *A fortiori*, the technician, because of his complete impartiality, might be the more desirable of the two. Further, we construe that portion of G.S. 20-16.2 which provides that "the test or tests shall be administered upon request of a law enforcement officer having reasonable grounds to believe the person to have been driving a motor vehicle upon the public highways of this State . . . while under the influence of intoxicating liquor," to refer to the request being made by the officer to the technician who will give the test, rather than being directed to the suspect.

This assignment of error is overruled.

Defendant asserts that the court erred in failing to strike testimony of Officer Greene concerning statements made while defendant was under arrest.

Defendant, represented by competent counsel, failed to object to the testimony when offered on initial direct examination. He failed to ask permission to examine the witness in absence of the jury to show, if he could, that the statements were involuntary and therefore not competent. Thus, this question is not properly presented on appeal. *State v. Gaskill,* 256 N.C. 652, 124 S.E. 2d 873. Further, the only record evidence which touches on the compulsion or involuntary admissions by defendant shows that defendant was told he could have a lawyer, that he could make a call, and that he did not have to take the breathalyzer test. The whole record tends to show the admissions made and the test given were made and given in an atmosphere of free and voluntary choice rather than one of compulsion.

The trial judge correctly charged the jury as to the presumption raised by G.S. 20-139.1, *State v. Cooke,* 270 N.C. 644, 155 S.E. 2d 165, and from a careful examination of the entire charge we find no

reasonable grounds to believe the charge misled or misinformed the jury. *State v. Taft,* 256 N.C. 441, 124 S.E. 2d 169.

Defendant fails to show prejudicial error.

No error.

HUSKINS, J., took no part in the consideration or decision of this case.