State v. Sykes

---

STATE OF NORTH CAROLINA v. JACK EDWARD SYKES

No. 738SC744

(Filed 9 January 1974)

1. Criminal Law § 75— statement by defendant — absence of Miranda warnings

Miranda rules had no application where an officer followed defendant as he weaved back and forth across the street, defendant stopped, and the officer then asked defendant if he had been drinking.

2. Automobiles § 126— breathalyzer test — statutory warnings

Though Miranda does not require that an accused subjected to a breathalyzer test be warned that the results may be used against him, G.S. 20-16.2 does require that before the test is administered, an accused must be permitted to call an attorney and to select a witness to observe testing procedures, and defendant was so advised in this case.

APPEAL by defendant from Martin (Perry), Judge, 21 May 1973 Session of Superior Court held in WAYNE County.

Defendant was tried for driving under the influence of intoxicating liquor.

The State offered evidence tending to show the following. On 14 June 1973, Highway Patrolman Don Wood was proceeding south on Slocumb Street in Goldsboro at 11:50 p.m. when he observed defendant operating a pickup truck at approximately twenty miles per hour. The posted speed limit in the area was thirty-five miles per hour. Wood followed the truck traveling south on Westbrooke Road during which period the truck weaved back and forth, ran off the right shoulder of the road and crossed the center line "a couple of times." When the truck turned into a driveway and stopped, Wood drove in behind the truck, left his cruiser and "yelled up to the driver to step out." According to Wood,

"... [t]he defendant Jack Edward Sykes got out of the truck. I observed that the defendant was wearing usual work clothes with the exception of his shoes. He was wearing soft pink lady's slippers. I then asked Mr. Sykes for his driver's license and I smelled a high odor of some alcoholic beverage on his breath. I noticed his face was very red and flushed, even more so than today.

I asked Mr. Sykes if he had been drinking and he said yes. I asked him to walk for me. As he was walking there

on the driveway he was staggering and stumbling. He did not walk—

\*     \*     \*

I asked him to walk for me and in doing so he was staggering and stumbling. I gave the balance test and at the time I gave him this test he fell forward noticeably. I advised Mr. Sykes he was under arrest for driving under the influence and asked him if he would take a breathalyzer test. He said that he would.

\*     \*     \*

There were two other persons in the truck, both female. I then told Mr. Sykes he was under arrest. A quick search of the vehicle revealed no further alcoholic beverage. As to [sic] Sykes walked to the patrol car he staggered noticeably. I advised him of his Miranda right en route to the jail. He said he understood his rights.

I asked him if he would take the breathalyzer test. He wasn't too sure, but finally said he would.

I asked him then what he had been drinking and he said he had about a pint, excuse me a half a pint of bourbon.

\*     \*     \*

COURT: Mr. Wood, did the defendant tell you this after you had advised him of his rights?

Yes sir, he did out to the jail, sir."

After transporting defendant to the Wayne County jail, Wood requested Officer Roger Flynn, a licensed breathalyzer operator, to administer the test to defendant. Flynn stated:

" . . . Prior to giving the defendant the test, I advised him of his statutory rights to an attorney or a witness to observe the test, so long as it did not delay the test over 30 minutes. He said he did not want an attorney or witness. I gave the test at 12:25 a.m."

The test indicated an alcoholic content of 0.15 percent.

The record contains the following stipulation:

"The record does not reflect the foundation questions asked by the solicitor for the purpose of qualifying the witness, as to his methods and qualifications to operate the

breathalyzer machine. All objections to the admissibility of breathalyzer test results are hereby specifically waived except as stated as follows:

MR. CONNOR: He agreed to take the breathalyzer test as a result of inquiry by Mr. Wood prior to being advised of his right with respect to the breathalyzer. He had already committed himself to the taking and therefore move to strike with respect to the breathalyzer test; . . . "

Defendant offered no evidence. Upon a verdict of guilty, defendant was sentenced to six months suspended for one year upon condition that he pay a fine of $200.00 and costs and refrain from operating a motor vehicle for twelve months.

*Attorney General Robert Morgan by Claude W. Harris, Assistant Attorney General, for the State.*

*Douglas P. Connor for defendant appellant.*

VAUGHN, Judge.

[1]  Defendant contends that the officer violated defendant's constitutional rights when, prior to giving *Miranda* warnings, he asked defendant if he had been drinking. We have previously held that under similar circumstances, the rules of *Miranda* have no application. *State v. Tyndall,* 18 N.C. App. 669, 197 S.E. 2d 598, *cert. den.,* 284 N.C. 124, 199 S.E. 2d 662. The assignment of error is overruled.

[2]  Defendant also argues that because he "never waived his right to counsel and was not informed of his breathalyzer statutory right prior to his consent to the breathalyzer examination," the results of the breathalyzer test should have been excluded at trial. Defendant argues that "[t]he procedure whereby the arresting patrolman obtained appellant's consent for a breathalyzer examination was in direct violation of appellant's *constitutional* and *statutory* rights." (Emphasis added.) *Miranda* does not require that an accused subjected to a blood or breath test be warned that the results may be used against him. *Schmerber v. California,* 384 U.S. 757, 86 Sup. Ct. 1826; *State v. Randolph,* 273 N.C. 120, 159 S.E. 2d 324.

The statute, G.S. 20-16.2 does, however, require that before the test is administered, an accused must be permitted to call an attorney and to select a witness to observe testing procedures.

The record discloses that before the test was administered, defendant was advised of these rights and expressly declined to exercise them. Defendant contends that the results of the test should not have been admitted as evidence because he agreed to take the test as a result of inquiry by the officer prior to being advised of his right to call counsel. We do not agree. Defendant was free to withdraw from his agreement to take the test.

No error.

Chief Judge BROCK and Judge PARKER concur.