CALVIN SHULER v. TALON DIVISION OF TEXTRON AND AETNA CASUALTY & SURETY CO.

No. 7527IC1019

(Filed 1 September 1976)

Master and Servant § 77— workmen's compensation — no change of condition — no additional recovery for medical expenses

> Where an award directs the payment of both compensation and medical expenses, then the injured employee has one year (two years effective 1 July 1974) from the last payment of compensation pursuant to the award in which to file claim for further compensation upon an alleged change of condition; therefore, claimant was not entitled to additional recovery for medical expenses where he failed to show a change of condition, but showed only a change in his doctor's opinion concerning the duration of his condition. G.S. 97-47.

APPEAL by plaintiff from the North Carolina Industrial Commission. Award entered 25 August 1975. Heard in the Court of Appeals 6 April 1976.

On 27 November 1970 claimant was injured by an accident arising out of and in the course of his employment. Upon a

hearing before Deputy Commissioner Roney in Gastonia on 2 November 1972, the following conclusion of law and award were entered:

### CONCLUSION OF LAW

"The serious facial and bodily disfigurement suffered by claimant may fairly be presumed to work a diminution of claimant's future earning capacity, the value of which is $3,500.00. N.C.G.S. 97-31 (21) (22) ; *Arrington v. Stone & Webster Eng'r. Corp.*, 264 N.C. 381, 140 S.E. 2d 759 (1965).

\*          \*          \*

"Based upon the foregoing findings of fact and conclusions of law, the undersigned enters the following

### AWARD

"Defendants will pay claimant compensation for disfigurement in the amount of $3,500.00 in a lump sum, subject to an attorney fee hereinafter approved.

"Defendants will pay all medical expenses arising as a result of claimant's injury by accident when bills for same have been submitted to and approved by the Industrial Commission.

"Defendants will deduct from claimant's award and pay directly to his attorney a fee in the amount of $350.00.

"Defendants will pay all costs incurred, including an expert witness fee in the sum of $45.00 to Dr. D. J. Deas."

It was stipulated by the parties that a copy of Industrial Commission Form 28B along with compensation awarded by Deputy Commissioner Roney were timely received by claimant. Form 28B, dated 17 November 1972, dicloses: (1) that claimant's last compensation check was forwarded on 17 November 1972; (2) that total compensation paid was the $3,500.00 awarded by Deputy Commissioner Roney, plus $1,064.29 previously paid; (3) that total medical pay was $9,014.10; (4) that this report closes the case including final compensation payment; and (5) that claimant acknowledged receiving a copy of this Form 28B, dated 17 November 1972.

On 9 March 1973 claimant forwarded a letter to Deputy Commissioner Roney wherein he advised that he was still re-

ceiving medical treatment but that the carrier was declining to pay his medical bills. He asked for clarification of the carrier's responsibility. Deputy Commissioner Roney replied, advising claimant that he should have his attorney contact the carrier. He further suggested that a hearing might be necessary to resolve the controversy.

On 24 May 1973 claimant directed a letter to Deputy Commissioner Roney advising that the carrier refused to pay his medical bills. In this letter he stated: "Mr. Roney, it is my opinion this controversy will not be settled unless it is done so by the Industrial Commission. If you can help me in anyway to resolve this controversy would you please do so?" By letter dated 11 June 1973 Deputy Commissioner Roney advised claimant:

> "If the carrier is not paying those medical expenses that in your opinion are covered by the Opinion and Award filed by me on November 9, 1972 you should write a letter to the Secretary of the Industrial Commission, Mr. J. R. Mitchell, and request that your claim be assigned for hearing to determine whether there are current unpaid medical expenses for which the carrier is liable. All future correspondence with regard to this matter should be directed to Mr. J. R. Mitchell, North Carolina Industrial Commission, Albemarle Building, 325 North Salisbury Street, Raleigh, N. C. 27611.

> "I received a letter from Mr. Collins, a copy of which was sent to you, which indicated a willingness by Aetna Casualty and Surety Company to pay continuing medical expenses incurred by you as a result of the compensable injuries. Furthermore, I note from the file that the Industrial Commission approved a $76.20 bill from the Catawba Pharmacy. Prior to requesting a hearing perhaps you should contact Mr. Collins by letter in an effort to avoid the inconvenience and expense of another hearing."

Thereafter the carrier paid claimant's medical expenses until November 1973, at which time it discontinued all payments. By letter dated 22 May 1974 claimant, through counsel, requested rehearing before the Commission to determine whether the carrier should continue to pay for the medical and drug expenses of claimant.

The matter was set for further hearing; and part of the testimony of Dr. David Deas, a medical expert specializing in psychiatry, was developed as follows:

"My present prognosis of Mr. Shuler has not changed from the original prognosis that appeared in the original hearing of this matter before the Industrial Commission. I have modified that prognosis as far as the duration of treatment required. I believe I felt that he probably would not require more than six months or a year further treatment at that time."

*     *     *

"I have continued to treat him to this date, and it appears to me that his condition is chronic and treatment will continue on that basis on an indefinite basis."

*     *     *

" . . . My experience is that Mr. Shuler requires these drugs in a continuous, on a continuous basis in order to remain stable and to continue to be able to function and work.

"The condition which I diagnosed Mr. Shuler and for which I am treating him appears to be chronic. That means it has no foreseeable end. I do not feel that Mr. Shuler's condition has changed so much as my impression of his illness has changed. That would be a change in my prognosis. His condition that I described in November 2, 1972, has waxed and waned. There is no essential change to the severity of his depression and skin condition since that time over-all. I believe his condition is permanent. I testified in November of 1972 that it was not permanent. I do not believe that his condition has changed since November, 1972, but that my opinion has changed. Again my changing opinion is due to the chronicity of Mr. Shuler's illness."

By opinion and award filed 4 April 1975 Deputy Commissioner Roney found facts approximately in accord with the foregoing testimony of Dr. Deas and, in addition, made the following findings, conclusion, and award:

"10. The treatment which claimant has been and is receiving is necessary to keep him in the work force.

"11. Throughout the period of Dr. Deas' treatment claimant's condition has waxed and waned but has not

changed. The waxing and waning of the depressive neurosis has been secondary to discontinuance of drug therapy and bleeding sores.

"12. Claimant's claim for continuing psychiatric treatment is not based upon an alleged change in condition. The chronic depressive neurosis is a direct result of the injury by accident and control thereof tends to lessen the period of disability by keeping claimant in the work force.

"13. Claimant's work history since 2 November 1972 is not a part of the record. No finding with regard thereto is possible.

"14. Claimant is not guilty of laches.

"15. On 29 May 1973 the Commission received a letter dated 24 May 1973 addressed to the undersigned from claimant. The letter indicated that claimant was continuing to experience difficulty with the sores that would not heal and that the defendant carrier had stopped paying drug bills. Claimant thereupon stated: 'If you can help me in anyway to resolve this controversy would you please do so?' (sic) While this letter is not a claim denominated as such, it is nonetheless sufficient to toll the running of the one-year statute of limitations pertaining to claims based upon change in condition or newly discovered evidence. Claimant therefore timely filed a claim pursuant to the provisions of N.C.G.S. 97-47 on 29 May 1973.

\*     \*     \*     \*     \*

"The foregoing findings of fact and conclusions of law engender the following additional

### CONCLUSIONS OF LAW

"1. The letter received by the Commission on 29 May 1973 from claimant addressed to the undersigned which contained information regarding continued treatment and cessation by defendant carrier of payment of drug bills and a request for help constituted the filing of a claim and thereby tolled the running of the one-year statute of limitations regarding review of final awards. N.C.G.S. 97-47. Claimant's claim for continuing medical care at the expense of defendants is not barred.

Shuler v. Talon Div. of Textron

"2. The psychiatric and medical treatment that claimant continues to receive tends to lessen the period of disability because without said treatment claimant would become unable to work and thereupon drop out of the work force. N.C.G.S. 97-25.

\*     \*     \*     \*     \*

"Based upon the foregoing findings of fact and conclusions of law, the undersigned enters the following

AWARD

"Defendants shall provide and claimant shall accept psychiatric and medical care so long as said treatment keeps claimant in the work force, thereby tending to lessen the period of disability.

"Defendants shall pay all costs incurred."

Upon appeal by defendants the Commission, in an opinion by Chairman Brown, reversed, saying:

"The Full Commission after consideration of argument, brief, and the complete record of the case, holds the plaintiff's claims asserted in the hearing before Deputy Commissioner Roney are barred by the provisions of G.S. 97-47, both by the passage of time and by the fact of no change of condition."

Claimant appealed to the Court of Appeals.

*Joseph B. Roberts III for the claimant.*

*Golding, Crews, Meekins, Gordon & Gray, by Michael K. Gordon, for the defendants.*

BROCK, Chief Judge.

We have not considered upon this appeal the items stricken by the Industrial Commission from the proposed record on appeal, and later sought to be added to the record on appeal by claimant. Settlement of the record on appeal is the function of the trial tribunal, and its rulings thereon will not be reviewed in the absence of a showing of a manifest abuse of discretion. No such showing has been made on this appeal.

Claimant attacks the ruling of the Industrial Commission on three grounds. First, claimant argues that the twelve-month

Shuler v. Talon Div. of Textron

limitation in G.S. 97-47 does not apply to a hearing to enforce an order entered under G.S. 97-25 because he is not seeking additional compensation on the grounds of a change of condition. Secondly, claimant argues that even if the twelve-month limitation of G.S. 97-47 is applicable, claimant's letter to Deputy Commissioner Roney dated 24 May 1973 (received by the Commission on 29 May 1973) was within twelve months of the last payment of compensation and constituted the filing of a claim, thereby tolling the running of the twelve-month limitation. Thirdly, claimant argues that even if the twelve-month limitation of G.S. 97-47 is applicable, and even if his letter dated 24 May 1973 does not constitute the filing of a claim, defendants should be held to be equitably estopped to plead the passage of the twelve-month limitation.

Although we acknowledge that the law of estoppel applies in compensation proceedings, *Willis v. Davis Industries,* 280 N.C. 709, 186 S.E. 2d 913 (1972), and that there are instances where an informal letter may serve as a claim for compensation or for a modification of an award on the grounds of change of condition, we do not feel it is necessary to decide whether either of those principles is applicable to the present case.

Claimant's argument that G.S. 97-47 is not applicable because he seeks only continued payment of medical expenses, not additional compensation on the ground of change of condition, ignores the clear wording of the last phrase of G.S. 97-47, which reads: " . . . except that in cases in which *only* medical or other treatment bills are paid, no such review shall be made after 12 months from the date of the last payment of bills for medical or other treatment, paid pursuant to this Article." (Emphasis added.) Thus, if this were a case in which only medical expenses had been awarded in the original award, G.S. 97-47 would apply. Obviously this is not a case where *only* medical or other treatment bills were paid. A lump sum payment of $3,500.00 as compensation for diminution of earning capacity was ordered in the original award in November 1972. Therefore claimant's procedure was inextricably tied to G.S. 97-47, which requires notice within twelve months of the last payment of compensation and a showing of change of condition. Where an award directs the payment of both compensation and medical expenses, then the injured employee has one year (two years effective 1 July 1974, G.S. 97-47 as amended) from the last payment of compensation pursuant to the award in which to file

claim for further compensation upon an alleged change of condition. Where the award directs the payment of medical bills only, an extension of the award would not be permissible unless there is a showing of change of condition since the original award. *Biddix v. Rex Mills,* 237 N.C. 660, 75 S.E. 2d 777 (1953). If the legislature had intended that no showing of a change of condition was necessary where only additional medical expense payments are sought, it would have so provided.

The evidence shows no change in claimant's condition. The claimant's work record was not shown, and claimant does not assert a change of condition. The deputy commissioner's findings negate a change in claimant's condition. A mere change of the doctor's opinion with respect to claimant's preexisting condition does not constitute a change of condition required by G.S. 97-47. *Pratt v. Upholstery Co.,* 252 N.C. 716, 115 S.E. 2d 27 (1960).

From the doctor's testimony it appears that claimant's condition will require continuous treatment, but claimant has failed to pursue his statutory remedy by showing a change of condition.

We do not decide the question of whether notice of claimant's claim for additional medical expense payments was timely. In our opinion the Commissioner's holding that claimant's failure to show a change of condition bars additional recovery is correct, and is dispositive of the claim.

Affirmed.

Judges VAUGHN and MARTIN concur.