CLAIRE CLUGH, EMPLOYEE-PLAINTIFF v. LAKEWOOD MANOR, EMPLOYER-DEFENDANT AND TRAVELERS INSURANCE COMPANY, CARRIER-DEFENDANT

No. 9010IC904

(Filed 7 May 1991)

**Master and Servant § 77.2 (NCI3d) — workers' compensation — second claim for change of condition — timeliness**

Where both compensation and medical expenses were originally awarded to plaintiff on 17 July 1984, plaintiff received her last compensation payment pursuant to this award on 15 January 1986, plaintiff timely filed her first claim for a change of condition and was awarded only continued medical payments on 5 February 1987, plaintiff filed her second request for a change of condition hearing on 12 December 1988, and it was stipulated that defendants made medical payments to plaintiff within the twelve months preceding the filing of the second change of condition claim, it was *held* that plaintiff's second change of condition claim was timely filed because N.C.G.S. § 97-47 required that it be filed within twelve months from the date of payment of the last medical bills pursuant to the 5 February 1987 award rather than within two years from the last payment of compensation pursuant to the original award.

**Am Jur 2d, Workmen's Compensation §§ 382-384, 482-484.**

Judge GREENE dissenting.

APPEAL by defendants from opinion and award filed 16 April 1990 by the North Carolina Industrial Commission. Heard in the Court of Appeals 20 February 1991.

The record shows that following a compensable injury to plaintiff's back on 17 November 1983, all parties entered into an agreement, followed by a supplemental memorandum, for disability compensation. This agreement became an award of the Industrial Commission upon approval by the Commission on 17 July 1984. Plaintiff received her last compensation payment pursuant to this agreement and award immediately following 15 January 1986.

Plaintiff timely filed for her first change of condition hearing pursuant to N.C. Gen. Stat. § 97-47 (1985). Following a hearing on 20 August 1986, Deputy Commissioner Scott M. Taylor filed an opinion and award dated 5 February 1987 finding and concluding that plaintiff had not undergone a change of condition and was therefore not entitled to additional compensation. However, Deputy Commissioner Taylor awarded plaintiff continued medical expenses so long as those treatments effected a cure or gave relief or tended to lessen her disability. Neither party appealed from that order.

Plaintiff filed for her second change of condition hearing on 12 December 1988. Defendants responded by asserting that plaintiff's requested hearing was untimely filed pursuant to G.S. § 97-47. The parties stipulated that defendants had made medical payments pursuant to Deputy Commissioner Taylor's 5 February 1987 opinion and award within twelve months preceding the 12 December 1988 second request for a change of condition hearing. Without reaching the merits of the case, Deputy Commissioner John Charles Rush found and concluded in an opinion and award filed 26 May 1989 that plaintiff's request was untimely filed and denied plaintiff's request.

Plaintiff appealed the Deputy Commissioner's 26 May 1989 opinion to the Full Commission. In an opinion and award filed 16 April 1990, the Full Commission ruled that Deputy Commissioner Rush had misinterpreted G.S. § 97-47 and ordered that this matter be set for hearing. Defendants appeal.

CLUGH v. LAKEWOOD MANOR

[102 N.C. App. 757 (1991)]

*Waymon L. Morris for plaintiff-appellee.*

*Roberts Stevens & Cogburn, P.A., by Louise Critz Root, for defendants-appellants.*

WELLS, Judge.

Initially we note that the order from which defendants have appealed does not finally determine plaintiff's entitlement to compensation and is therefore interlocutory. There is no right of appeal from an interlocutory order of the Industrial Commission. *See Fisher v. E.I. Du Pont De Nemours*, 54 N.C. App. 176, 282 S.E.2d 543 (1981) and cases cited therein. Because we view the question presented appropriate for consideration on the merits, and because doing so will expedite the disposition of plaintiff's claim on its merits, we exercise our discretion to treat defendants' appeal as a petition for certiorari and allow it. Rule 21(a)(1) of the North Carolina Rules of Appellate Procedure.

Defendants assign error to the Commission's order that this matter be set for hearing and conclusion that Deputy Commissioner Rush misapplied G.S. § 97-47. In setting this case for hearing on plaintiff's entitlement to further compensation, the Commission entered the following and dispositive conclusions of law:

1. Though at its inception, plaintiff's case was one for which compensation and medical bills were paid, subsequent to Deputy Commissioner Taylor's award, plaintiff's case became one in which "only medical or other treatment bills were paid."

2. N.C.G.S. [§] 97-47 should be interpreted in the present tense rather than applying the statute to the case in its original stage, thereby allowing for a [§] 97-47 hearing. N.C.G.S. [§] 97-47.

N.C. Gen. Stat. § 97-47 (1985) provides:

Upon its own motion or upon the application of any party in interest on the grounds of a change in condition, the Industrial Commission may review any award, and on such review may make an award ending, diminishing, or increasing the compensation previously awarded, subject to the maximum or minimum provided in this Article, and shall immediately send to the parties a copy of the award. No such review shall affect such award as regards any moneys paid but no such review shall be made after two years from the date of the

last payment of compensation pursuant to an award under this Article, except that in cases in which only medical or other treatment bills are paid, no such review shall be made after 12 months from the date of the last payment of bills for medical or other treatment, paid pursuant to this Article.

Defendants contend that the proper application of G.S. § 97-47 bars review of plaintiff's original award because over two years lapsed between plaintiff's final compensation payment in January 1986 and the filing of her second request for a change of condition hearing. Defendants further contend that plaintiff's first request for change of hearing and Deputy Commissioner Taylor's opinion and award filed 5 February 1987 and awarding medical treatment only, does not alter the outcome because the 5 February 1987 opinion is a mere continuation of the same case.

Since G.S. § 97-47 applies only whenever there has been a previous award of the Commission, *Watkins v. Motor Lines*, 279 N.C 132, 181 S.E.2d 588 (1971), an award pursuant to G.S. § 97-47 will always be a "mere continuation of the same case" as suggested by defendants. In effect, defendants contend that the time limitations set out in G.S. § 97-47 should always be measured from the original award. Defendants offer no authority to support this interpretation and we think such an interpretation is inconsistent with G.S. § 97-47's recognition that a change in condition may require a modification of a previous award in workers' compensation cases, either a previous award for compensation or a previous award for medical bills only. Defendants cite and rely on *Shuler v. Talon Div. of Textron*, 30 N.C. App. 570, 227 S.E.2d 627 (1976). We note that *Shuler* is resolved on the principle that plaintiff failed to show a change of condition and any expressions in *Shuler* regarding time limitations are dicta and not binding in this case.

We hold that the Full Commission correctly concluded that plaintiff timely filed her request for change of condition hearing and ordered this matter set for hearing.

Affirmed.

Judge WYNN concurs.

Judge GREENE dissents.

Judge GREENE dissenting.

I disagree with the majority's conclusion that the plaintiff has filed a timely request for a change of condition hearing.

The last compensation payment made under the award in question occurred shortly after 15 January 1986. Therefore, the plaintiff had two years from that date to file a " 'claim for further compensation upon an alleged change of condition.' " *Biddix v. Rex Mills, Inc.*, 237 N.C. 660, 666, 75 S.E.2d 777, 782 (1953) (citation omitted). On 12 December 1988, the plaintiff made a claim for further *compensation* based on changed conditions. This claim is therefore barred by N.C.G.S. § 97-47 because it was made more than two years from the date of the last payment of *compensation.*

This is not a case "in which *only* medical or other treatment bills are paid. . . ." N.C.G.S. § 97-47 (emphasis added). In such a case, the injured employee is entitled to seek an initial award of compensation within twelve "months from the date of the last payment of bills for medical or other treatment. . . ." N.C.G.S. § 97-47. To the contrary, this is a case where both compensation and medical expenses have been previously awarded, and therefore, the injured employee had two years " 'from the last payment of compensation pursuant to the award in which to file [a] claim for further compensation upon an alleged change of condition.' " *Biddix*, 237 N.C. at 666, 75 S.E.2d at 782 (citation omitted).