ROBERT M. JACOBS, EMPLOYEE. v. SAFIE MANUFACTURING COMPANY, EMPLOYER, AND LIBERTY MUTUAL INSURANCE COMPANY, CARRIER.

(Filed 15 December, 1948.)

1. **Master and Servant § 43—Employer held not estopped from setting up defense that claim was not filed within one year of accidents.**

　　The evidence tended to show that claim for compensation was not filed within one year of the accidents, that defendant's superintendent, in response to messages from claimant, promised to come see claimant, but failed to do so, and that claimant's sister, on a visit to the superintendent, was referred to a clerk to ascertain whether the accident had been reported, but that the superintendent was gone when she returned to his office. *Held:* The evidence does not show any representation by defendant that the accident had been reported, or any agreement, express or implied, that the bar of the statute would not be pleaded, and therefore defendant was not estopped from setting up the defense of the bar of the statute, and the finding of the Industrial Commission that the claim was barred is conclusive. G.S. 97-24.

2. **Master and Servant § 55d—**

　　The findings of fact of the Industrial Commission are conclusive on appeal when supported by any competent evidence.

APPEAL by plaintiff from *Patton, Special Judge,* at May Term, 1948, of RICHMOND.

This is a proceeding for compensation under the provisions of the North Carolina Workmens' Compensation Act, for an alleged injury by accident arising out of and in the course of the employment of the plaintiff by the defendant, Safie Manufacturing Company, on 13 August, 1945. The defendant Liberty Mutual Insurance Company was the insurance carrier of its codefendant at the time of the accident. The plaintiff, Robert M. Jacobs, hereinafter called "claimant," was employed in the card room of the defendant, Safie Manufacturing Company, on 13 August, 1945, and for sometime prior thereto.

The facts found by the hearing commissioner, and which are supported by the evidence, are briefly stated as follows:

1. The claimant sustained an injury by accident while working for the Safie Manufacturing Company, in June, 1945, while carrying a bag

of motes estimated to weigh from 150 to 200 pounds up a stairway, but had no disability following this accident. On the 13th or 14th of August, 1945, while lifting a box of motes, the claimant felt a sharp pain in his back radiating up his shoulder blades.

2. The claimant has been in bed since 14 August, 1945, and has been paralyzed since about 1 September, 1945, due to an epidural abscess, the cause of which is unknown, but was precipitated by the above accidents.

3. Claimant was born 12 July, 1926, and was 18 years of age at the time of his accident in June, 1945, and 19 years of age when he sustained a minor accident in August, 1945.

4. The accidents were first definitely reported to the defendant employer on 13 August, 1946; and no report on the Commission's Form 19 was made by the employer to the Commission.

5. The first notice of claim given to the Commission was forwarded by the claimant through his attorney, on 27 January, 1947, and received by the Commission on the following day.

6. At no time during the year immediately following these accidents was the claimant mentally incompetent, except for a short period of time following his operation.

Upon the foregoing facts the hearing commissioner held as a matter of law that claimant's right to compensation is barred by G.S. 97-24, such claim not having been filed with the Industrial Commission within one year after the accidents. Claimant appealed to the Full Commission, and from an adverse ruling to the Superior Court. At the hearing below, the award of the Commission was affirmed, and claimant appealed to the Supreme Court.

*Jones & Jones* for plaintiff.
*Pierce & Blakeney* for defendants.

DENNY, J. The claimant contends that by reason of the inequitable conduct of the defendant-employer, the defendants should be held to be estopped from setting up the defense that his claim was filed too late; that such conduct was responsible for the delay of more than one year in filing his claim.

It must be conceded that unless the doctrine of equitable estoppel can be invoked by the claimant in this proceeding, he is not entitled to recover.

The evidence tends to show that claimant sent two or three messages to the Superintendent of the Safie Manufacturing Company, requesting him to come to see him, and that he promised to do so, but never did. The sister of claimant had a conversation with defendant-employer's Superintendent in December, 1945, and he asked her what was wrong with her brother; she testified she told him he was hurt in the mill and

he referred her to some lady to find out whether or not she had any report of the accident; that the lady informed her she had a report of an injury to the claimant's finger; that when she went back to see the Superintendent he had gone in the mill, and she did not see him again until she carried her brother in a rolling chair, to the mill on 13 August, 1946.

It does not appear that the defendant-employer did anything to lull this claimant into believing that his accident had been reported, as required by G.S. 97-22, or that his claim would be filed with the Industrial Commission. Furthermore, there is no evidence of an express or implied agreement on the part of the employer, not to plead the provisions of G.S. 97-24 in bar of any claim that might be filed after the expiration of the time fixed therein. *Wilson v. Clement Co.,* 207 N. C. 541, 177 S. E. 797; *Lilly v. Belk Bros.,* 210 N. C. 735, 188 S. E. 319. On the other hand, there is evidence to support the finding of fact by the Commission that these accidents were not reported to the defendant-employer until 13 August, 1946, and to which finding there is no exception. Such finding is conclusive on appeal. *Creighton v. Snipes,* 227 N. C. 90, 40 S. E. (2) 612; *Rader v. Coach Co.,* 225 N. C. 537, 35 S. E. (2) 609; *Fox v. Cramerton Mills,* 225 N. C. 580, 35 S. E. (2) 869; *Brown v. Carolina Aluminum Co.,* 224 N. C. 766, 32 S. E. (2) 320; *Hegler v. Cannon Mills,* 224 N. C. 669, 31 S. E. (2) 918.

In view of the findings of fact by the Commission, and the failure to file a claim for compensation with the Industrial Commission within one year after claimant's accidents, the judgment below will be upheld. *Whitted v. Palmer-Bee Co.,* 228 N. C. 447, 46 S. E. (2) 109; *Lineberry v. Mebane,* 218 N. C. 737, 12 S. E. (2) 252; *Winslow v. Carolina Conference Asso.,* 211 N. C. 571, 191 S. E. 403; *Lilly v. Belk Bros., supra; Wilson v. Clement Co., supra.*

Affirmed.