MRS. OLA B. MONTGOMERY, WIDOW, OTIS C. MONTGOMERY, DECEASED, EMPLOYEE v. HORNEYTOWN FIRE DEPARTMENT, EMPLOYER; THE TRAVELERS INSURANCE COMPANY, CARRIER.

(Filed 3 November, 1965.)

**Master and Servant § 88—**
    The statutory limitation upon the filing of a claim for compensation under the Workmen's Compensation Act is a condition precedent annexed to the right to compensation, and when no claim is filed on behalf of the widow within one year of the employee's death, proceedings instituted subsequent thereto are properly dismissed, irrespective of whether the neglect of the widow's attorneys should be imputed to her. G.S. 97-24.

APPEAL by plaintiff from Crissman, J., 24 May 1965 Civil Session of FORSYTH.

On 16 August 1962, Otis C. Montgomery, the husband of plaintiff herein, died immediately following a collision of a fire truck which he was driving. At the time of his death he was a voluntary fireman with defendant Horneytown Fire Department, which department was subject to the Workmen's Compensation Act and was insured by defendant Travelers Insurance Company.

At the time of the accident the deceased was returning from a fire, and immediately following the accident the truck was found "setting up on an embankment, Mr. Montgomery was still under the wheel but slid down * * * in the left side of the truck * * *." When found, he was "gasping for breath." He was dead upon arrival at the hospital.

Dr. T. Eugene Terrell examined the deceased at the hospital. It was stipulated at the hearing that if Dr. Terrell were present he would testify "that in his opinion the probable cause of death of Otis Charles Montgomery was a myocardial infarction."

On 22 August 1962, the employer, Horneytown Fire Department, filed with the Industrial Commission a complete report, giving all the details of the accident and death, using Industrial Commission Form No. 19. This report was given Industrial Commission File No. I. C. 254930. The form contained the following language: "This report filed only in compliance with Section 97-92 and not employees' claim for compensation."

The record further discloses that on 15 December 1962 attorneys for the plaintiff notified the Industrial Commission that they represented the plaintiff and would communicate further with the Commission when they had completed their investigation.

Between 17 December 1962 and 28 August 1963 the Commission twice wrote to the attorneys for plaintiff asking that Form 33, requesting a hearing, be forwarded to the Commission.

Neither the Commission nor the court below made any findings with respect to the merits of the case, and the sole question presented on appeal is whether claim was filed as required by G.S. 97-24.

After the hearing before a Deputy Commissioner it was found that neither the widow nor anyone on her behalf filed a claim with the Industrial Commission within one year of the death of Otis C. Montgomery on 16 August 1962. This ruling was appealed to the full Commission and the full Commission affirmed the prior ruling. The Superior Court of Forsyth County affirmed the ruling of the Industrial Commission and plaintiff appeals, assigning error.

*Harry H. Leake and White, Crumpler, Powell, Pfefferkorn & Green for plaintiff appellant.*
*Sapp & Sapp for defendant appellees.*

PER CURIAM. G.S. 97-24 provides in pertinent part: "(a) The right to compensation under this article shall be forever barred unless a claim be filed with the Industrial Commission within two years after the accident, and if death results from the accident, unless a claim be filed with the Commission within one year thereafter."

This Court has held the requirement that a claim be filed in accord with the provisions of the above statute constitutes "a condition precedent to the right to compensation, and is not a statute of limitations." *Lineberry v. Mebane,* 218 N.C. 737, 12 S.E. 2d 252; *Whitted v. Palmer-Bee Co.,* 228 N.C. 447, 46 S.E. 2d 109; *Coats v. Wilson, Inc.,* 244 N.C. 76, 92 S.E. 2d 446.

The undisputed facts disclosed by the record support the conclusion of law reached by the hearing Commissioner, the full Commission and the court below. Hence, the judgment from which this appeal was taken is

Affirmed.