MYRLENE K. GANTT (HAYES), EMPLOYEE, PLAINTIFF v. EDMOS CORPORATION, EMPLOYER; EMPLOYERS INSURANCE OF WAUSAU, CARRIER; DEFENDANTS

No. 8110IC492

(Filed 16 March 1982)

1. **Master and Servant § 91— workers' compensation—insufficient notice of claim —no jurisdiction in Commission**

   The Industrial Commission properly concluded that it lacked jurisdiction over a workers' compensation action due to the fact that a claim was not filed with the Commission within two years after plaintiff's accident as required by G.S. 97-24(a). A letter from plaintiff's attorney, written approximately 18 months after plaintiff's accident, failed to assert in any way that plaintiff was demanding compensation or that action by the Commission was necessary to settle plaintiff's claim against defendant.

2. **Master and Servant § 91— workers' compensation—defendants not estopped to plead statute of limitations as defense**

   Defendants were not estopped to plead G.S. 97-24, the two-year statute of limitations for filing workers' compensation claims before the Commission, where there was evidence that defendants paid plaintiff's medical bills, conducted settlement negotiations before and after the expiration of the two-year time limit for filing claims, and where there was no evidence that defendants lulled plaintiff into believing a claim need not be filed or that defendants expressly or impliedly agreed not to plead G.S. 97-24.

APPEAL by plaintiff from Opinion and Award of the North Carolina Industrial Commission entered 23 February 1981. Heard in the Court of Appeals 7 January 1982.

The facts in this case are uncontroverted. On 9 July 1976 plaintiff sustained an injury by accident arising out of and in the course of her employment by defendant Edmos Corporation when her hand was caught in a machine and injured in the area between the wrist and knuckles. Plaintiff's medical expenses from the accident were paid by defendants until November 1979, and plaintiff also received temporary total disability compensation from defendants for the period of time that she was unable to work. In July 1977 plaintiff's attorney wrote defendant-carrier that in his opinion plaintiff was entitled to further compensation for a scar left on her hand as a result of the accident. In its response the carrier recommended that they await the final report of plaintiff's doctor before making a determination as to any further benefits to which plaintiff might be entitled. On 20 January 1978 plaintiff's attorney wrote the following letter to the carrier, with a copy to the Industrial Commission:

"My client is still under the doctor's care in connection with the industrial injury. I have been advised that Dr. Jarman and all hospital bills have been paid to date which the employee incurred because of the industrial injury.

However, the Lincoln Drugs, Inc. bill which was prescribed by Dr. Jarman has not been paid and, accordingly, I am enclosing a statement for payment.

As soon as the doctor has reached some conclusion concerning this hand, I will be back in touch with you."

In a letter dated 5 June 1978 the carrier informed plaintiff's attorney that a disability rating had been assigned to plaintiff by her doctor and of the amount of additional compensation to which the rating entitled plaintiff. The carrier offered to forward a check for said amount as soon as the enclosed Form 26 Agreement as to Payment of Compensation had been executed and returned by plaintiff. On 18 July 1978 plaintiff's attorney wrote to the carrier, with a copy to the Industrial Commission, that plaintiff was unwilling to accept the amount offered for her disability and that it was his recommendation that the matter be placed on

for hearing at the next session of the Industrial Commission. From July 1978 through October 1979 the carrier continued to correspond with plaintiff's attorney in an effort to settle the claim. On 5 March 1980, plaintiff's attorney wrote to the Industrial Commission requesting that the matter be set for hearing at the next session.

At a hearing on 21 November 1980 Deputy Commissioner Scott found and concluded that the Industrial Commission lacked jurisdiction over the action due to the fact that no claim was filed with the Commission within two years after the accident, and that defendants were not estopped to plead G.S. 97-24 as a defense to plaintiff's claim. The action was dismissed by Deputy Commissioner Scott, and the Full Commission affirmed. Plaintiff appeals.

*Don M. Pendleton for plaintiff appellant.*

*Hedrick, Feerick, Eatman, Gardner & Kincheloe by Mel J. Garofalo for defendant appellees.*

CLARK, Judge.

[1] Plaintiff contends that her attorney's letter of 20 January 1978 constituted the filing of a claim and compliance with G.S. 97-24 sufficient to vest jurisdiction of the 1976 accident in the Commission. G.S. 97-24(a) provides:

> "The right to compensation under this Article shall be forever barred unless a claim be filed with the Industrial Commission within two years after the accident."

There are instances where an informal letter may serve as the filing of a claim for compensation. *Shuler v. Talon Div. of Textron*, 30 N.C. App. 570, 227 S.E. 2d 627 (1976). One such instance occurred in the case of *Cross v. Fieldcrest Mills*, 19 N.C. App. 29, 198 S.E. 2d 110 (1973). The letter in that case specifically requested a hearing before the Commission on the alleged injury. We held this to be "minimal compliance" with G.S. 97-24. We cannot reach the same conclusion regarding the letter in the present case. Not only does it contain no request for a hearing, it fails to assert in any way that the plaintiff is demanding compensation or that action by the Commission is necessary to settle the question. To the contrary, the letter implies that matters with regard to plaintiff's

injury were being adequately handled without the involvement of the Commission. The letter does not foreclose the possibility that a claim might be filed upon receipt of the doctor's final report, but this implication does not constitute the filing of a claim. *See, Montgomery v. Fire Department*, 265 N.C. 553, 144 S.E. 2d 586 (1965). We hold that the Commission properly declined to consider the letter of 20 January 1978 as a sufficient claim under G.S. 97-24. All other communications by plaintiff's attorney with the Commission having occurred more than two years after the accident, the Commission did not err in concluding that it lacked jurisdiction over the action because no claim had been filed within two years after the accident.

[2]    Plaintiff also assigns error to the Commission's holding that defendants were not estopped to plead G.S. 97-24 as a defense to plaintiff's claim. The record before us discloses no evidence of estoppel. There is evidence that defendants paid plaintiff's medical bills and conducted settlement negotiations before and after the expiration of the two-year time limit for filing claims, but there is no evidence that defendants lulled plaintiff into believing a claim need not be filed or that defendants expressly or impliedly agreed not to plead G.S. 97-24 in bar of any claim filed after the expiration of the time fixed therein. In the absence of such evidence, there is no estoppel. *Jacobs v. Manufacturing Co.*, 229 N.C. 660, 50 S.E. 2d 738 (1948).

The order of the Commission is

Affirmed.

Judges WHICHARD and BECTON concur.