PATRICIA A. REINHARDT, EMPLOYEE-PLAINTIFF v. WOMEN'S PAVILION, INC., EMPLOYER, AND TRAVELERS INSURANCE COMPANY, CARRIER; DEFENDANTS

No. 9010IC869

(Filed 5 March 1991)

1. **Master and Servant § 91.1 (NCI3d) — workers' compensation — claim not timely filed**

    The Industrial Commission did not err in finding that no claim for workers' compensation benefits was filed within the two-year period after the accident giving rise to the claim as required by N.C.G.S. § 97-24, and a letter from defendant insurance carrier to the Industrial Commission did not constitute the filing of a claim because it made no demand for compensation and did not request a hearing on the matter.

    **Am Jur 2d, Workmen's Compensation §§ 482, 484.**

2. **Master and Servant § 91 (NCI3d) — workers' compensation — claim not timely filed — equitable estoppel not applicable**

    Dismissal of a workers' compensation claim is proper where there is an absence of evidence that the Industrial Commission acquired jurisdiction by the timely filing of a claim or by the submission of a voluntary settlement agreement to the Commission, and consent by the parties, waiver, and estoppel are ordinarily insufficient to overcome a jurisdictional bar. In this case, where plaintiff was at all times represented by counsel of her choice, and defendants neither directly nor indirectly told plaintiff that they would take care of her claim, the facts did not support the application of the doctrine of equitable estoppel.

    **Am Jur 2d, Workmen's Compensation § 485.**

REINHARDT v. WOMEN'S PAVILION

[102 N.C. App. 83 (1991)]

APPEAL by plaintiff from Opinion and Award of the North Carolina Industrial Commission. Heard in the Court of Appeals 19 February 1991.

Defendants filed a motion to dismiss, for lack of subject matter jurisdiction, plaintiff's claim for workers' compensation benefits. From an Opinion and Award of the Full Industrial Commission allowing defendants' motion to dismiss, plaintiff appeals.

*Carruthers & Roth, P.A., by Kenneth L. Jones, for plaintiff-appellant.*

*Hutchins, Tyndall, Doughton & Moore, by Thomas W. Moore, Jr. and David L. Hall, for defendants-appellees.*

JOHNSON, Judge.

Plaintiff injured her back on 15 December 1984 in an accident which arose out of and during the course of her employment with defendant Women's Pavilion, Inc. She filed an employee injury report on that date and defendant Women's Pavilion submitted a Form 19 dated 18 January 1985 to the North Carolina Industrial Commission. Defendant Travelers Insurance Company made voluntary medical payments in connection with plaintiff's medical bills in the amount of $150. No claim for compensation was filed with the Industrial Commission until 11 November 1987, in excess of the two-year period prescribed by G.S. § 97-24. No payment of compensation has ever been made by defendants. The last medical payment was made in March 1986. Plaintiff now seeks payment of compensation and medical bills.

[1] By Assignment of Error number one, plaintiff contends that the Industrial Commission erred in its findings of fact that no claim was filed within the two-year period as required by G.S. § 97-24. We disagree.

General Statutes § 97-24(a) provides that "[t]he right to compensation under this Article shall be forever barred unless a claim be [sic] filed with the Industrial Commission within two years after the accident." "The requirement of filing a claim within two years of the accident is not a statute of limitation, but a condition precedent to the right to compensation." *Perdue v. Daniel International, Inc.*, 59 N.C. App. 517, 518, 296 S.E.2d 845, 846 (1982), *cert. denied*, 307 N.C. 577, 299 S.E.2d 647 (1983), *citing Barham v. Kaysar-Roth Hosiery Co., Inc.*, 15 N.C. App. 519, 190 S.E.2d 306 (1972).

REINHARDT v. WOMEN'S PAVILION

[102 N.C. App. 83 (1991)]

Plaintiff contends that a letter dated 6 March 1986 from Travelers Insurance Company to the Industrial Commission constitutes the filing of a claim within the meaning of G.S. § 97-24. To support her contention, plaintiff mistakenly cites *Hanks v. Southern Pacific Utilities Company*, 210 N.C. 312, 186 S.E. 252 (1936), and *Smith v. Allied Exterminators, Inc.*, 11 N.C. App. 76, 180 S.E.2d 390, *reversed on other grounds*, 279 N.C. 583, 184 S.E.2d 296 (1971), as stating that letters of correspondence sent by an employer to the Industrial Commission can satisfy the claim requirements of G.S. § 97-24.

In *Hanks*, 210 N.C. 312, 186 S.E. 252, the employee was killed in the course of employment. The employer subsequently admitted liability for compensation to the employee's survivors and the Industrial Commission thereafter wrote to the survivors on the employee's behalf suggesting a timely hearing on the issue of compensation. As a result of the employee's survivors electing to pursue their action in superior court, the employer withdrew its offer of voluntary compensation and a written claim for compensation was not filed with the Industrial Commission until five years after the accident. Litigation, however, over the claim for compensation continued during the interim period. Since the employer admitted liability for compensation and had requested a hearing on the issue of compensation within the statutory period, the Supreme Court held that a "claim" had been timely filed thereby invoking the Industrial Commission's jurisdiction.

In *Smith*, 11 N.C. App. 76, 180 S.E.2d 390, the plaintiffs contended that the victim's father was time barred from recovery since he did not file a claim within one year of the accident. The proceedings were initiated by the insurance carrier when it filed application for a hearing on the father's rights.

This Court was presented with a nearly identical set of facts in *Gantt v. Edmos Corp.*, 56 N.C. App. 408, 289 S.E.2d 75 (1982). There, the claimant sustained a severe injury to her hand on 9 July 1976 during the course of employment with the employer. Certain medical payments were made by the employer until November 1979. The employer provided temporary total disability compensation until the claimant returned to work. On 20 January 1978, claimant's attorney wrote a letter to the carrier with a copy being sent to the Industrial Commission, requesting that an additional medical bill be paid. In July of 1979, claimant's attorney

wrote a similar letter stating that claimant was unwilling to accept the amount offered to her for disability and recommending that the matter be set for hearing. In March of 1980, the claimant's attorney wrote to the Industrial Commission requesting that the matter be set for hearing at the next session. The employer moved for dismissal of the action on grounds that the Industrial Commission had no jurisdiction over the matter pursuant to G.S. § 97-24 on 21 November 1980.

On appeal, claimant contended that her attorney's letter of 20 January 1978 constituted the filing of a claim in compliance with G.S. § 97-24. This Court held that

> [T]here are instances where an informal letter may serve as the filing of a claim for compensation. *Shuler v. Talon Div. of Textron*, 30 N.C. App. 570, 227 S.E.2d 627 (1976). One such instance occurred in the case of *Cross v. Fieldcrest Mills*, 19 N.C. App. 29, 198 S.E.2d 110 (1973). The letter in that case specifically requested a hearing before the Commission on the alleged injury. We held this to be "minimal compliance" with G.S. 97-24. We cannot reach the same conclusion regarding the letter in the present case. Not only does it contain no request for a hearing, it fails to assert in any way that the claimant is demanding compensation or that action by the Commission is necessary to settle the question.

*Gantt*, 56 N.C. App. at 410, 289 S.E.2d at 77.

Similarly, in the instant case, the 6 March 1986 letter plaintiff refers to makes no demand for compensation nor does it request a hearing on the matter. Thus, in accordance with established law, the Industrial Commission's dismissal of plaintiff's claim for workers' compensation for failure to timely file a claim pursuant to G.S. § 97-24 was appropriate. This assignment is overruled.

[2] Next, plaintiff contends that the opinion of the Full Commission that the defendants were not estopped from invoking the jurisdictional bar of G.S. § 97-24 was in error. We disagree. As previously stated, the timely filing of a claim for compensation is a condition precedent to the right to receive compensation and failure to file timely is a jurisdictional bar for the Industrial Commission. G.S. § 97-24; *see also Montgomery v. Horneytown Fire Dept.*, 265 N.C. 553, 144 S.E.2d 586 (1965). Dismissal of a claim is proper where there is an absence of evidence that the Indus-

**REINHARDT v. WOMEN'S PAVILION**

[102 N.C. App. 83 (1991)]

trial Commission acquired jurisdiction by the timely filing of a claim or by the submission of a voluntary settlement agreement to the Commission. *Barham*, 15 N.C. App. 519, 190 S.E.2d 306. Ordinarily, consent by the parties, waiver or estoppel are insufficient to overcome a jurisdictional bar. *Weston v. Sears Roebuck & Co.*, 65 N.C. App. 309, 309 S.E.2d 273 (1983) (no estoppel could be raised since the employer only told the claimant that it would take care of the claim and claimant independently consulted an attorney but waited nine years to file claim). Where, however, the circumstances are deemed egregious, the doctrine of estoppel will be employed and will prevent a party from raising the time limitation of G.S. § 97-24. *Belfield v. Weyerhaeuser Co.*, 77 N.C. App. 332, 335 S.E.2d 44 (1985) (employer was equitably estopped from pleading the jurisdictional bar of G.S. § 97-24 as his agent repeatedly assured the illiterate claimant that the paper work would be taken care of, and the lawyer that the claimant saw was one suggested and retained by the employer).

Comparing the facts here with those in *Belfield*, plaintiff at all times relevant in this matter was represented by counsel of her choice. Defendants neither directly nor indirectly told her that they would take care of her claim. And, the 6 March 1986 letter plaintiff relies upon simply makes no mention of a hearing on the matter nor mentions compensation, rather, it merely inquires as to plaintiff's physical progress and medical charges. We conclude that the instant facts do not support the application of the doctrine of equitable estoppel. Thus, defendants are not barred from challenging the Industrial Commission's jurisdiction to hear plaintiff's claim.

We have carefully reviewed plaintiff's last Assignment of Error and find it to be without merit. The Opinion and Award appealed from is

Affirmed.

Judges PARKER and ORR concur.