Plaintiff's estoppel argument is built on a showing that the employer's provision of a simple method for employees to see to payment for their medical needs — i.e., reporting to the plant nurse, who would set in motion evaluation and filing under group medical or workers' compensation — tended to lull or mislead the claimant into believing that taking this step preserved all her rights. However, the courts do not find a defendant estopped from raising the G.S. § 97-24
jurisdictional defense grounded only on actual acceptance of the claim, payment of cash compensation and related medical bills, and negotiations at the time the two-year period runs. Ganttv. Edmos Corp., 56 N.C. App. 408, 409-10, 289 S.E.2d 75
(1982); Reinhardt v. Women's Pavilion, Inc.,102 N.C. App. 83, 84, 401 S.E.2d 138 (1991). Defendants quibble with Finding of Fact #4, based on adequate evidence (Tr. pp. 157-162), that the defendants knew in November of 1986 that plaintiff was being treated for a work-related injury, and by implication, that the three or four days missed from work then (Tr. pp. 164-165) were as well, and thus the failure to file the Form 19 Employers Report of Injury until May of 1987 was an egregious breach of G.S. § 97-92(a). But notwithstanding, the courts have held that the failure to comply with this requirement does not support estoppel. Knight v. Cannon Mills Co., 82 N.C. App. 453,465-66, 347 S.E.2d 832, cert. denied, 318 N.C. 507,349 S.E.2d 861 (1986). Consequently, the Deputy Commissioner's conclusion must be REVERSED.
Parenthetically, at the time of the Knight decision, the filing of the Form 19 would not have resulted in plaintiff receiving specific notice of the two-year limitation of § 97-24, as the Court noted (at 465), although it might have triggered a denial letter (see I.C. Rule 601), which in turn would trigger a form letter from the Commission to that effect. However, as of July 1, 1992, employers are required upon filing to provide a copy to employees of the revised Form 19, which includes this information.
WHEREFORE, the hearing Commissioner's Opinion and Award is affirmed and adopted, excluding Finding of Fact #13, Conclusions of Law #3 and #4, and the order, which are replaced as follows:
CONCLUSIONS OF LAW
3. The employer is not estopped from raising G.S. § 97-24(a) as a bar to plaintiffs claim, and the Commission is without jurisdiction to award compensation for her injury.
ORDER
Plaintiff's claim must be, and hereby is, DISMISSED.
Each party shall bear its own costs.
 S/ _____________ J. RANDOLPH WARD COMMISSIONER
CONCURRING:
S/ ____________ JAMES J. BOOKER CHAIRMAN
DISSENTING:
S/ ____________ J. HAROLD DAVIS COMMISSIONER