Upon review of all of the competent evidence of record with reference to the errors assigned, and finding no good ground to reconsider the evidence, receive further evidence, rehear the parties or their representatives, or amend the award, except for additions to Finding of Fact 5 and Conclusion of Law 2, the Full Commission AFFIRMS and ADOPTS from the Opinion and Award of the Deputy Commissioner the following
FINDINGS OF FACT
1. On March 12, 1990, plaintiff suffered an injury by accident arising out of and in the course of his employment. Defendant filed a Form 19 and paid the medical bills incurred by plaintiff following his injury.
2. In September of 1990, plaintiff left the employment with defendant and continued on a course of employment in a heavy labor position with other employers. There was no evidence that plaintiff had anymore contact with the employer or carrier regarding his injuries.
3. In June of 1992, plaintiff visited Dr. Azzato who, for the first time, assigned a 10% permanent partial impairment to plaintiff's back. Upon receiving this rating, plaintiff filed a claim for workers' compensation benefits. The filing took place after more than two years had expired from the date of the injury by accident.
4. Plaintiff contends that he is not barred from bringing this claim pursuant to the provisions of N.C.G.S. § 97-24 because of actions on the part of defendant and because defendant has failed to show any prejudice as a result of this filing outside of the two-year period.
5. Although defendant paid plaintiff's medical bills, there is no evidence of any intentional deception by the employer. The only evidence offered was that plaintiff did not receive a copy of the form 19. The Form 19 did not include the information for employees on "making a claim" until revised in October, 1991, and employers were not required to furnish a copy to injured employees until July 1, 1992.
* * * * * * * * * * *
Based on the foregoing findings of fact, the Full Commission makes the following additional
CONCLUSIONS OF LAW
1. Proper filing of a claim within two years after an accident is a condition precedent to jurisdiction by the Industrial Commission. N.C.G.S. § 97-24 (a); Barham v. Kaiser-RothHosiery Company, 15 N.C. App. 519, 190 S.E.2d 306 (1972).
2. The employer's report of the accident to the Industrial Commission does not constitute a claim filed on behalf of the employee, and voluntary payment of medical bills by the employer or carrier is not an admission of liability. Biddix v. Rex Mills,Inc., 237 N.C. 660, 75 S.E.2d 777 (1953). An employer has no affirmative duty to inform an employee of the requirements of N.C.G.S. § 97-24 (a). See Gantt v. Edmos Corp., 56 N.C. App. 408,410, 289 S.E.2d 75 (1982).
3. The equitable defense of estoppel is available in compensation cases as in all other cases. Biddix v. Rex Mills,Inc., 237 N.C. 660, 75 S.E.2d 777, (1953).
4. The essential elements of estoppel are (1) representations or conduct on the part of the party to be estopped amounting to a false representation or concealment of material facts; (2) the intention that the other party act on such conduct; and (3) actual or constructive knowledge of the true facts. The party asserting the defense must (1) lack of knowledge and the means of knowledge as to the true facts in question; and (2) rely upon the conduct of the party to be estopped to his prejudice. Parker v. Thompson-ArthurPaving Co., 100 N.C. App. 367, 396 S.E.2d 626 (1990).
* * * * * * * * * * *
Based on the foregoing findings of fact and conclusions of law, the Full Commission enters the following
AWARD
1. Because plaintiff did not file his claim within two years as required by N.C.G.S. § 97-24 and failed to show conduct on the part of defendant which would allow an estoppel defense, plaintiffs claim is under the law and hereby DENIED.
2. Defendants have no obligation to pay medical costs incurred by plaintiff while seeing Dr. Azzato.
3. Each side shall pay its own costs.
 S/ _________________________ J. RANDOLPH WARD COMMISSIONER
CONCURRING:
S/ _________________________ FORREST H. SHUFORD, II DEPUTY COMMISSIONER
S/ _________________________ COY M. VANCE DEPUTY COMMISSIONER
JRW/rch