Of course the plaintiff was "lulled" by the circumstances into failing to file a claim with the Commission. In none of the many N.C.G.S. § 24(a)/estoppel cases has the plaintiff intentionally allowed the time to run, at least by their evidence. But among that group, the facts here are mundane. Defendants paid five of plaintiff's medical bills in March through May 1989 under their workers' compensation insurance policy.
Under North Carolina caselaw, payment of medical bills, even without formal denial of liability, does not have the effect of an admission of liability by the employer, or constitute a waiver of the requirement of timely filing of a claim by the employee, or support estoppel. Biddix v. Rex Mills, Inc., 237 N.C. 660, 665,75 S.E.2d 777 (1953); Abels v. Renfro Corp., 100 N.C. App. 186,187, 394 S.E.2d 658 (1990); Reinhardt v. Women's Pavilion, Inc.,102 N.C. App. 83, 401 S.E.2d 138 (1991). Nor does payment of temporary total disability benefits without an agreement, tender of a Form 26 Agreement for permanent partial disability, and negotiations with plaintiff's counsel before and after the two year period expires. Gantt v. Edmos Corp., 56 N.C. App. 408, 409,289 S.E.2d 75 (1982). There has certainly never been an affirmative duty on the employer to inform the employee how his or her rights might be preserved, other than the Commission's requirements that the employer post a prescribed notice (I.C. Rule 201, codified in 1994 at § 97-93(d)) — with which this employer complied — and, since July 1, 1992, that the employee be given a copy of the Form 19 Report of Injury with the requirements for making a claim on the back. See Jacobs v. Safie Mgf. Co.,229 N.C. 660, 50 S.E.2d 738 (1948). Estoppel has been invoked only when the plaintiff has been "lulled into a sense of security bystatements of employer or carrier representatives [emphasis mine] that `he will be taken care of' or that his claim has been filed for him or that a claim will not be necessary because he would be paid compensation benefits in any event." Belfield v. WeyerhauserCo., 77 N.C. App. 332, 336, 335 S.E.2d 44 (1985), citing 3A. Larsen, The Law of Workmen's Compensation, § 78.45 (1983). It is the defendants' statements, inconsistent with its litigation position, that gives rise to estoppel, and not the suppositions of the plaintiff alone. Hawkins v. Finance Corp., 238 N.C. 174, 177,77 S.E.2d 669 (1953); Gantt, at 410. We have also successfully applied estoppel to a situation in which the failure to correct a misimpression amounted to a misrepresentation, and recently to a misrepresentation that the employee was not eligible for a portion of compensation benefits. Parker v. Thompson-Arthur Paving Co., I.C. No. 801271, 3 October 1989, aff'd, 100 N.C. App. 367,396 S.E.2d 626 (1990); Laurer v. Juvenile Evaluation Center, I.C. No. 805366, 14 February 1995.
On facts generally similar to the voluntary payments cases cited above, the Court of Appeals recently found that estoppel applied, without the usual overt misrepresentation. Craver v.Dixie Yarns, 115 N.C. App. 570, 579, 447 S.E.2d 789 (1994). However, the Court there emphasized its belief that the defendants' conduct amounted to a statement that defendants would make the necessary filing with the Commission to protect her rights. ". . . [Supervisory] personnel indicated . . . that plant nurses routinely `took care of filing workers' compensation claims for employees. . . .' . . . [S]he believed coverage for her injuries was assured by Dixie Furniture. . . . Through its system of dealing with employee injuries, Dixie Furniture conveyed to plaintiff the understanding that she would be compensated. . . ." Craver v. DixieYarns, 115 N.C. App. 570, 447 S.E.2d 789 (1994). As the Court characterized it, the Craver scenario differed from prior payment cases — and this one — in the degree to which defendants' agents' acts and statements "assured" the claimant and "conveyed" to her the belief that all due benefits would be paid. In fact, the Court distinguished it by stating that, "payment of medical benefits . . . by [the carrier] constitutes neither the sole nor even the primary basis for plaintiff's assertion of estoppel in the case sub judice." Id., at 579. The degree to which conduct may amount to misrepresentation may be less clear after Craver, but the precedents it distinguishes would have to be reversed to support estoppel in this case.
At hearing, the plaintiff suggested by inference (but did not testify) that she was misled by a statement in the employee handbook. The Deputy Commissioner's finding to the contrary — which was not appealed — was correct in noting that there was "no mention . . . of procedures for filing a claim with the Commission" there. In the context of the handbook's one-page discussion of "other time off" (together with "funeral leave", "jury duty" and "leaves of absence"), the admonition to report injuries to the "supervisor so prompt medical attention can be given and proper claims [plural] filed" is not a Belfield misrepresentation.
 S/ ___________________________ J. RANDOLPH WARD COMMISSIONER
JRW/tmd