Plaintiff did not file a claim or request a hearing, in those terms, within the two year period following the injury, as required by statute. N.C.G.S. § 97-24(a). Before the Full Commission, plaintiff argues that his hearing counsel complied with this statute by sending copies of correspondence with plaintiff's physicians and the defendant-carrier's adjustor to the Commission. The Court of Appeals has held that, "There are circumstances where an informal letter may serve as the filing of a claim for compensation."
 One such instance occurred in the case of Cross v. Fieldcrest v. Mills, 19 N.C. App. 27, 227 S.E.2d 627 (1976). The letter in that case specifically requested a hearing before the Commission on the alleged injury. We held this to be "minimal compliance" with G.S. 97-24. We cannot reach the same conclusion regarding the letter in the present case. Not only does it contain no request for a hearing, it fails to assert in any way that the plaintiff is demanding compensation or that action by the Commission is necessary to settle the question. To the contrary, the letter implies that matters with regard to plaintiff's injury were being adequately handled without the involvement of the Commission. The letter does not foreclose the possibility that a claim might be filed upon receipt of the doctor's final report, but this implication does not constitute the filing of a claim. Montgomery v. Horneytown Fire Department, 265 N.C. 553
[,554-55,] 144 S.E.2d 586 (1965).
Gantt v. Edmos Corp., 56 N.C. App. 408, 410-11, 286 S.E.2d 75
(1982) (emphasis ours).
None of the subject correspondence requested a hearing or suggested that action by the Commission was necessary, at that time, to resolve the issue, although the letters did not "foreclose the possibility that a claim might be filed". CompareCross, at 30-31. A letter dated February 27, 1991 from the attorney that handled the plaintiff's claim at hearing, addressed to defendants' adjustor with a copy to the Commission, comes closest to "assert[ing] . . . that the plaintiff is demanding compensation." It states in part: "Based on our investigation and the information furnished me by his attending physicians and medical providers, in my opinion, this is compensable. . . . I respectfully request that your company review this file and advise me of its present position." However, review of the precedents reveals that this does not meet the requirement of the subject statute, as applied. In Gantt, the "claimant's attorney wrote a letter to the carrier with a copy being sent to the Industrial Commission, requesting that an additional medical bill be paid", and later "wrote a similar letter stating that the claimant was unwilling to accept the amount offered to her for her disability and recommending that the matter be set for hearing," but the subject statute was held to bar the claim. Reinhardt v. Women'sPavilion, 102 N.C. App. 83, 85-86, 401 S.E.2d 138 (1991). Clearly, if a direct demand for payment is insufficient, this letter's expression of opinion and prompting to the defendants to provide theirs cannot be considered tantamount to a "claim" within the meaning of the statute. Since, as this letter indicates, plaintiff had not been "lulled" by overt actions of the defendant into believing that it need not take action on his own behalf, the estoppel issue frequently raised when N.C.G.S. § 97-24(a) is pled is not in question here. Wilson v. Clement Company, 207 N.C. 541,544, 177 S.E.2d 797 (1935); Belfield v. Weyerhaeuser Co., 77 N.C. App. 332,336, 335 S.E.2d 44 (1985); Collins v. InsightCablevision of Lincolnton, I.C. No. 114528, 3 February 1995.
In light of this, we need not consider the procedural issues raised by the parties, including whether the letter quoted above was or should be brought into the record, and whether late notice to the defendants should bar this appeal.
Upon review of all of the competent evidence of record with reference to the errors assigned, and finding no good ground to reconsider the evidence, receive further evidence, rehear the parties or their representatives, or amend the award, except with the addition of a Finding of Fact, the Full Commission AFFIRMS and ADOPTS the Opinion and Award of the Deputy Commissioner as follows:
The following were entered into by the parties at the hearing before the Deputy Commissioner as
STIPULATIONS
1. At the time of the injury giving rise to this claim, the parties were subject to and bound by the provisions of the North Carolina Workers' Compensation Act, and Atlantic Mutual Insurance Company was the carrier on the risk.
2. The employer-employee relationship existed between the parties on March 12, 1990, which is the date of the injury giving rise to this claim.
3. The parties agreed to stipulate to the I.C. Form 19, which was filed with the Commission on April 5, 1991, and which was returned for completion and refiled on April 25, 1991. This document reflects an injury date of March 12, 1990, with a date of disability on March 21, 1990.
4. The plaintiff, through counsel Russell Twiford, filed an I.C. Form 33 Request for Hearing on June 20, 1994, and defendants filed their Form 33R on July 28, 1994.
5. No I.C. Form 18 was filed in this case.
6. The issue for determination is whether the Industrial Commission has jurisdiction over the subject matter of this claim, and if so, to what benefits is plaintiff entitled.
* * * * * * * * * * *
Based upon all the competent credible evidence of record, the Full Commission makes the following additional
FINDING OF FACT
Plaintiff failed to file a claim or otherwise notify the Commission that he desired a hearing, or that he was demanding compensation of the defendant, or that action by the Commission was necessary to settle a dispute over a demand for compensation within two years after the accident alleged.
* * * * * * * * * * *
Based on the foregoing findings of fact, the Full Commission makes the following additional
CONCLUSIONS OF LAW
1. Pursuant to N.C.G.S. § 97-24 (a) (1991), an injured employee must file a claim with the Industrial Commission within two years of the date of the accident. This requirement constitutes a condition precedent to plaintiff's right to compensation, Belfield v. Weyerhauser Co., 77 N.C. App. 332,335 S.E.2d 44 (1985).
2. The notice requirement may be satisfied by the filing of an I.C. Form 18 Report of Injury, a Form 33 Request for Hearing, or by simple letter from the plaintiff to the Commission requesting a hearing within two years of the date of the injury. The effect of plaintiff's failure to file a timely claim is to deprive the Industrial Commission of jurisdiction. Reinhardt v.Women's Pavilion, Inc., 102 N.C. App. 83, 401 S.E.2d 138 (1991).
3. Plaintiff's claim was not filed pursuant to the provisions of N.C.G.S. § 97-24, and is therefore barred.
* * * * * * * * * * *
Based on the foregoing findings of fact and conclusions of law, the Full Commission enters the following
AWARD
1. Plaintiff's claim is and under the law must be DENIED.
2. Each side shall pay its own costs.
 S/ ___________________________ J. RANDOLPH WARD COMMISSIONER
CONCURRING:
S/ _______________________ J. HOWARD BUNN, JR. CHAIRMAN
S/ _______________________ BERNARD ALSTON DEPUTY COMMISSIONER
JRW/tmd 5/17/95