The undersigned have reviewed the prior Opinion and Award and Order of Dismissal based upon the records of the proceedings before Deputy Commissioners Garner and Glenn. The appealing party has not shown good ground to reconsider the evidence; receive further evidence; rehear the parties or their representatives; or amend the Opinion and Award in I.C. No. 457138, except with regard to the wage rate, or to amend the Order of Dismissal in I.C. No. 379149.
* * * * * * * * * * *
Regarding I.C. No. 457138, the Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties at the 28 July 1995 hearing as:
STIPULATIONS
1. The parties are subject to and bound by the provisions of the North Carolina Workers' Compensation Act.
2. The employer-employee relationship existed between the plaintiff and the defendant-employer.
3. The Crawford and Company was the compensation carrier of the risk.
4. The parties agreed to an average weekly wage of $364.00, unless a wage chart to be submitted after the hearing on 28 July 1995 by the defendant-employer indicates a different average weekly wage. A subsequently submitted Form 22 does indicate, in fact, a lower average weekly wage of $259.00, which yields a compensation rate of $172.67.
5. Plaintiff suffered an injury by accident in October 1992 resulting in an injury to his throat or neck area.
6. The defendant-employer admitted liability and the issue to be determined by the Industrial Commission is the extent of plaintiff's disability.
* * * * * * * * * * *
The Full Commission adopts the findings of fact found by Deputy Commissioner Garner as follows:
FINDINGS OF FACT
1. On 1 October 1992, plaintiff was performing his duties when a limb from a tree hit him in the throat area. At this time plaintiff's average weekly wage was $259.00, which yields a compensation rate of $172.67.
2. As a result of that injury, plaintiff received medical treatment.
3. Plaintiff now has an infected bump which frequently comes to a head and drains. He needs further medical treatment for this problem which resulted from his injury by accident.
4. Plaintiff has no claim for further benefits except for medical treatment only.
* * * * * * * * * * *
Based on the findings of fact, the Full Commission concludes as follows:
CONCLUSIONS OF LAW
1. Since plaintiff suffered an injury by accident on 1 October 1992, he is entitled to medical treatment for said injury. N.C. Gen. Stat. § 97-25.
2. Defendant shall arrange for plaintiff to return to his treating physician or select a qualified physician to treat the plaintiff for this injury. N.C. Gen. Stat. § 97-25.
* * * * * * * * * * *
Based on the foregoing findings of fact and conclusions of law, the Full Commission affirms the holding of Deputy Commissioner Garner and enters the following:
AWARD
1. Defendant-employer shall arrange for plaintiff to continue his treatment for the injury resulting from the 1 October 1992 accident. This treatment shall be done at defendant's expense.
2. Defendant-employer shall pay the costs due the Industrial Commission.
* * * * * * * * * * *
Regarding I.C. No. 379149, the Full Commission adopts the findings of fact found by Deputy Commissioner Glenn as follows:
FINDINGS OF FACT
1. The employee-plaintiff is a 34 year-old male, who completed the 9th grade and received his GED in 1980.
2. The employee-plaintiff was an employee of the employer-defendant, Asplundh Tree Expert Company, on 13 July 1989.
3. The employee-plaintiff claims he was injured on 13 July 1989.
4. The employee-plaintiff first filed a Form 18, Notice of Claim, with the Industrial Commission on 27 October 1993.
5. The employee-plaintiff first filed a Form 33, Request for Hearing, on 28 November 1994.
6. The Form 18 filed with the Industrial Commission on 27 October 1993 was the first notice received by the Industrial Commission of the employee-plaintiff's claim of injury.
7. There is no competent evidence that the employee-plaintiff relied upon statements and/or actions of the employer-defendant which prevented him from pursuing his alleged claim. Therefore, there is no basis for the employer-defendant to be equitably estopped from challenging the Industrial Commission's jurisdiction.
* * * * * * * * * * *
Based upon the findings of fact, the Full Commission concludes as follows:
CONCLUSIONS OF LAW
The employee-plaintiff has failed to file a notice of a claim with the Industrial Commission within two years of the alleged date of injury, 13 July 1989. Therefore, the employer-defendant's Motion to Dismiss, I.C. No. 379149, is hereby GRANTED. N.C. Gen. Stat. § 97-24,Reinhardt v. Women's Pavilion, Inc., 102 N.C. App. 83,401 S.E.2d 138 (1991).
This is the 24th of February 1997.
 S/ ______________________ DIANNE C. SELLERS COMMISSIONER
CONCURRING:
S/ _____________________ J. HOWARD BUNN, JR. CHAIRMAN
S/ _____________________ THOMAS J. BOLCH COMMISSIONER