The sole issue before the Full Commission is whether the Commission has jurisdiction over this matter under the Workers Compensation Act. The undersigned have reviewed the decision in this case based upon the record of the proceedings before the Deputy Commissioner and the additional evidence allowed by Order of the Full Commission. The appealing party has shown good grounds to reconsider the evidence, and the Full Commission therefore reverses the ruling of the Deputy Commissioner.
 ***********
The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties at the hearing as:
 STIPULATIONS
1. The parties are subject to and bound by the provisions of the North Carolina Workers Compensation Act.
2. An employment relationship existed between plaintiff and defendant-employer on the relevant dates.
3. Plaintiffs date of birth is 13 June 1946, and she was 51 years old at the time of the hearing before the Deputy Commissioner.
4. On 29 January 1995, plaintiff filed an Unusual Occurrence Report with her employer regarding a fall which occurred on 28 January 1995.
5. Plaintiffs average weekly wage is $432.09.
 ***********
The Full Commission rejects the findings of fact found by the Deputy Commissioner and enters the following:
 FINDINGS OF FACT
1. On or about 1 October 1994, plaintiff was employed by defendant-employer as a flight attendant. On that date, plaintiff was on a flight which encountered turbulence. In her testimony, plaintiff indicated that she was knocked off balance and thrown against the coat storage closet, hitting her back.
2. On 19 January 1995, plaintiff presented to chiropractor Dr. Greg P. Haughton at Keith Chiropractic Clinic. Dr. Haughton provided treatment for plaintiffs back pain over the next few days until early February 1995, and plaintiff accumulated an outstanding bill in the amount of $289.20.
3. Following the 1 October 1994 incident, plaintiff did not submit a Form 18, Notice of Accident, to her employer or to the Industrial Commission.
4. At the hearing before the Deputy Commissioner, plaintiff stated that on 28 January 1995, plaintiff was on a flight and slipped and fell on the galley floor.
5. Following the 28 January 1995 incident, plaintiff did not submit a Form 18, Notice of Accident, to her employer or to the Industrial Commission.
6. On 20 March 1995, defendant-employer filed a Form 19, Report of Injury, with the Industrial Commission, with regard to plaintiffs alleged 1 October 1994 injury.
7. On 1 May 1995, Sandra Conner, Inside Claims Representative for carrier-defendants, filed a Form 61 denial of plaintiffs 1 October 1994 claim for injury. The Form 61 was sent to plaintiff and the Industrial Commission. The Form 61 advised plaintiff that if she disagreed with the denial, she was entitled to request a hearing by completing a Form 33.
8. Defendant-employer paid for plaintiffs treatment at Keith Chiropractic Clinic by payments made on 29 June 1995.
9. Plaintiff, through her current counsel, filed a Form 33 with the Industrial Commission on 31 March 1997, within two years from the payment made by defendant-employer to Keith Chiropractic Clinic.
 ***********
Based upon the foregoing stipulations and findings of fact, the Full Commission enters the following:
 CONCLUSIONS OF LAW
1. The timely filing of a claim for compensation is a condition precedent to the right to receive compensation and the failure to timely file a claim is a jurisdictional bar for the Industrial Commission. Reinhardt v. Womens Pavilion, Inc., 102 N.C. App. 83,401 S.E.2d 138 (1991). A claim is timely filed if it is filed with the Commission "within two years after the last payment of medical compensation when no other compensation has been paid and when the employers liability has not otherwise been established under the Act. N.C. Gen. Stat. 97-24(a).
2. The competent evidence of record supports a finding that plaintiff filed a claim within two years of the date of the last payment of medical compensation and that no other compensation has been paid and defendant-employers liability has not otherwise been established. Accordingly, the Commission has jurisdiction over plaintiffs claim. N.C. Gen. Stat. 97-24(a).
 ***********
Based upon the foregoing stipulations, findings of fact, and conclusions of law, the Full Commission enters the following:
 ORDER
1. The Commission has jurisdiction over plaintiffs claim for benefits relating to her alleged injury of 1 October 1994.
2. This case is remanded for a hearing before a Deputy Commissioner on the remaining issues presented by the parties.
3. Defendants shall bear the costs of this action.
This is the of December, 1999.
 S/______________________ LAURA KRANIFELD MAVRETIC COMMISSIONER
CONCURRING:
S/___________________ BERNADINE S. BALLANCE COMMISSIONER
RETIRED PRIOR TO DECISION:
S/_________________ J. HOWARD BUNN, JR. CHAIRMAN
LKM:jbd