***********
The Full Commission has reviewed the prior Opinion and Award, based upon the record of the proceedings before Deputy Commissioner Baddour, and the briefs and oral argument before the Full Commission. The appealing party has shown good ground to reconsider the evidence. The Full Commission reverses the Opinion and Award of Deputy Commissioner Baddour and enters the following Opinion and Award. *Page 2 
The Full Commission finds as fact and concludes as matter of law the following, which were entered into by the parties at the hearing before the Deputy Commissioner as:
 STIPULATIONS
1. The parties are subject to and bound by the provisions of the North Carolina Workers' Compensation Act.
2. An employee-employer relationship existed between plaintiff and defendant-employer at all relevant times.
3. The Zenith Insurance Company (hereinafter "defendant-carrier Zenith") was the carrier on the risk on January 28, 1998 (I.C. No. 379751) and April 16, 1999 (I.C. No. 952127). Comp Carolina Insurance Company (hereinafter "defendant-carrier Comp Carolina") was the carrier on the risk in December 2002 (I.C. No. 379748).
4. The following exhibits were admitted into evidence at the Deputy Commissioner's hearing:
 (a) Stipulated Exhibit 1: Pre-Trial Agreement
 (b) Stipulated Exhibit 2: Plaintiff's Medical Records
 (c) Stipulated Exhibit 3: Industrial Commission Forms
 (d) Stipulated Exhibit 4: Cassette Tape
 (e) Stipulated Exhibit 5: Letter by Matt Goodrich dated July 9, 2001
 (f) Stipulated Exhibit 6: The Zenith Insurance Company Payment History
 (g) Plaintiff's Exhibit 1: List of Unpaid Medical Bills
 (h) Plaintiff's Exhibit 2: Plaintiff's Tax Documents
 (i) Defendants' Exhibit 1: Letter by Sara Collins dated September 13, 2000
 (j) Defendants' Exhibit 2: Letter by Lynn Keller dated September 11, 2003 *Page 3 
5. The issues before the Full Commission are whether plaintiff is time barred from seeking compensation for her workers' compensation injuries on January 28, 1998 and April 16, 1999 (I.C. No. 379751 and 952127); whether plaintiff's medical treatment with Dr. Hooper on December 24, 2002 and thereafter is causally related to her compensable workers' compensation injuries on January 28, 1998 and/or April 16, 1999 (I.C. No. 379751 and 952127) or whether it is the result of a new injury occurring in December 2002 (I.C. No. 379748) and/or on January 10, 2003; and, whether plaintiff is entitled to any additional benefits.
 ***********
Based upon the competent evidence of record herein, the Full Commission makes the following:
 FINDINGS OF FACT
1. At the time of the Deputy Commissioner's hearing, plaintiff was 62 years old. Plaintiff previously owned Taylor Graphics with her former husband and, in 1999, she purchased his share of the business and changed the business name to Creative Graphics. The business performs screen printing and sign printing.
2. On January 28, 1998, plaintiff sustained an injury to her back at work when she pushed a box with her foot and felt a "jab" in her hip and a burning sensation (I.C. No. 379751). Plaintiff filed a Form 18 for I.C. No. 379751 on November 4, 2003.
3. On February 3, 1998, plaintiff saw Dr. Mark Hooper, a chiropractor. Dr. Hooper diagnosed plaintiff with acute lumbosacral strain/sprain resulting in disk syndrome and radiculopathy. Dr. Hooper treated plaintiff with electrical stimulation, massage, heat and adjustments. Defendant-carrier Zenith paid for plaintiff's medical treatment. Plaintiff was *Page 4 
discharged from Dr. Hooper's care on May 6, 1998. Plaintiff was out of work for approximately ten days due to the January 28, 1998 incident.
4. On April 16, 1999, plaintiff aggravated her previous back injury when she slipped and fell off a ladder at work (I.C. No. 952127). Plaintiff filed a Form 18 for I.C. No. 952127 on November 4, 2003. From April 21, 1999 through July 13, 1999, plaintiff sought treatment from Dr. Hooper for her April 16, 1999 injury. Defendant-carrier Zenith paid for the medical treatment and the last bill was paid on February 23, 2001. Plaintiff was out of work for approximately seven days due to the April 16, 1999 accident.
5. On September 2, 1999, plaintiff saw Dr. Scot E. Reeg, an orthopaedic surgeon. Dr. Reeg testified that a CT myelogram showed spondylothesis at L4-5. Dr. Reeg felt it was unlikely that plaintiff would develop spondylothesis as a result of a fall and testified that it probably pre-dated her injury. Although he did not recommend surgery for plaintiff, he testified that plaintiff had a degenerative condition and that she may require surgery in the future.
6. On August 23, 2000, plaintiff presented to Dr. Hooper with a re-aggravation of her lumbar strain/sprain. Dr. Hooper treated plaintiff until January 18, 2001.
7. On July 9, 2001, defendant-carrier Zenith wrote plaintiff advising her that she had "two years to seek additional medical treatment from the date of the last medical payment" on February 23, 2001. A Form 28B was enclosed with the correspondence. 8. In December 2002, plaintiff alleges that she was moving office equipment at work when she felt pain in her back (I.C. No. 379748). Plaintiff filed a Form 18 for I.C. No. 379748 on November 3, 2004.
9. On December 24, 2002, plaintiff saw Dr. Hooper for her back condition and she continued to treat with him until April 2, 2003. At his deposition, Dr. Hooper initially testified that plaintiff's December 24, 2002 visit was due to a re-aggravation of her April 16, 1999 injury and was not a new injury. However, plaintiff did not inform Dr. Hooper about a new injury moving office equipment in December 2002 or that she was pursuing an additional worker's compensation claim. Based on plaintiff's testimony that she re-injured herself in December 2002, Dr. Hooper could not say with any medical certainty that the treatment he provided plaintiff after December 24, 2002 was related to her April 16, 1999 injury. Thus, the Commission finds *Page 5 
that plaintiff's December 2002 injury was not related to plaintiff's April 16, 1999 injury.
10. On January 10, 2003, plaintiff was driving a van at work when a car pulled in front of her, causing her to apply the brakes and change lanes. As she changed lanes, plaintiff reached to keep packages in her van from falling and felt pain in her back. Plaintiff did not file a Form 18 for the alleged injury on January 10, 2003. Plaintiff was out of work for approximately 14 days due to the flare-up of her back condition on January 10, 2003.
11. On December 2, 2004, plaintiff saw Dr. Hooper for increased low back pain. Dr. Hooper testified that this was not a new incident, but that her condition on December 2, 2004 was a flare-up of plaintiff's April 16, 1999 injury. Dr. Hooper stated that plaintiff's treatment from April 21, 1999 until the date of deposition on January 16, 2006, was all related to her April 16, 1999 injury.
 ***********
Based upon the foregoing stipulations and findings of fact, the Full Commission makes the following: *Page 6 
 CONCLUSIONS OF LAW
1. The timely filing of a claim for compensation is a condition precedent to the right to receive compensation and failure to timely file is a jurisdictional bar for the Commission. N.C. Gen. Stat. §97-24; Reinhardt v. Women's Pavilion, 102 N.C. App. 83, 401 S.E.2d 138
(1991). Voluntary payment of a medical bill by defendant-carrier is not an admission of liability and does not dispense with the necessity of filing a claim with the Commission within two years of the date of the accident. Barham v. Hosiery Co., 15 N.C. App. 519, 190 S.E.2d 306
(1972).
2. In the present case, plaintiff sustained a compensable injury to her back as a result of a specific traumatic incident arising out of and in the course of her employment with employer-defendant on January 28, 1998 (I.C. No. 379751), and further aggravated her back condition as a result of an accident arising out of and in the course of her employment with employer-defendant on April 16, 1999 (I.C. No. 952127). N.C. Gen. Stat. § 97-2(6). However, plaintiff did not file a claim via a Form 18 for I.C. File Nos. 379751 and 952127 until November 4, 2003, which was not within two years of the dates of the accidents. Plaintiff also failed to file a Form 18 for the incident on January 10, 2003. Thus, plaintiff's claims under I.C. File Nos. 379751 and 952127, and any claim as a result of the January 10, 2003 incident were not timely filed and are hereby barred. N.C. Gen. Stat. § 97-24.
3. The person claiming the benefit of compensation has the burden of showing that the injury complained of resulted from an injury by accident arising out of and in the course of employment. Henry v.Leather Co., 231 N.C. 477, 57 S.E.2d 760 (1950). In the case at bar, plaintiff failed to carry the burden of proving by competent evidence that a causal relationship existed between the December 24, 2002 injury (I.C. No. 379748) and the disability for which compensation is sought.Click v. Freight Carriers, 300 N.C. 164, 265 S.E.2d 389 (1980). *Page 7 
 ***********
Based upon the foregoing stipulations, findings of fact, and conclusions of law, the Full Commission enters the following:
 AWARD
1. Plaintiff's claims for workers' compensation benefits are hereby DENIED.
2. Each side shall pay their costs.
This 24th day of April, 2007.
 S/______________________ LAURA KRANIFELD MAVRETIC COMMISSIONER
CONCURRING:
 S/_______________ DANNY LEE MCDONALD COMMISSIONER
 S/_______________ CHRISTOPHER SCOTT COMMISSIONER *Page 1