The Full Commission reviewed this matter based upon the record of the proceedings before Deputy Commissioner Dollar and the briefs and oral arguments on appeal. The appealing party has shown good ground to reconsider the evidence in this matter. Having reconsidered the evidence, the Full Commission reverses the Deputy Commissioners denial of benefits and enters the following Opinion and Award.
 ***********
The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties in their Pre-Trial Agreement which was filed on April 12, 2000, which are incorporated herein by reference, and at the hearing before the Deputy Commissioner as:
 STIPULATIONS
1. The defendant was a duly qualified self-insured, with the N.C. League of Municipalities as the third-party administrator.
2. An employee-employer relationship existed between the parties at all relevant times.
3. The defendant-employer regularly employs three or more employees and is bound by the provisions of the North Carolina Workers Compensation Act.
4. The issues for determination are:
 a. Whether plaintiff sustained a compensable injury by accident or occupational disease arising out of and in the course and scope of her employment on or about October 18, 1997, and if so, to what benefits may she be entitled under the Act?
 b. Do the provisions of N.C. Gen. Stat. 97-24 bar plaintiffs claim for lack of jurisdiction?
5. The parties stipulated the following exhibits into the record:
a. Exhibit 2 I.C. Form 18, filed January 20, 1998,
b. Exhibit 3 I.C. Form 19, filed April 20, 1998,
c. Exhibit 4 I.C. Form 61, filed January 20, 1998,
d. Exhibit 5 I.C. Form 61, dated July 16, 1998,
e. Exhibit 6 I.C. Form 33, dated January 15, 1998,
f. Exhibit 7 I.C. Form 33R, filed February 25, 1998,
g. Exhibit 8 I.C. Form 33, filed March 24, 1999,
h. Exhibit 9 I.C. Form 33R, filed May 11, 1998,
i. Exhibit 10 131 pages of medical records,
 j. Exhibit 11 Defendants First Set of Interrogatories and Responses, eighteen pages,
 k. Exhibit 12 — Defendants Second Set of Interrogatories and Responses, nine pages,
l. Exhibit 13 Plaintiffs Recorded Statement, twelve pages, and
m. Exhibit 14 Personnel Records, forty pages.
 ***********
Based upon all of the competent evidence of record, and the reasonable inferences therefrom, the Full Commission makes the following additional:
 FINDINGS OF FACT
1. At the time of the hearing before the Deputy Commissioner, plaintiff was 44 years old, married and had 2 children. She graduated from high school, took liberal arts courses in college, and completed police training at Cape Fear Community College.
2. Plaintiff began working as an auxiliary police officer for the defendant-employer in approximately 1985. She became a permanent, full time officer in 1987. Plaintiff worked twelve-hour shifts for four days on and four days off.
3. On September 5, 1993, plaintiff was struck by lightning when the police station radio antenna was hit during a storm and the typewriter she was using was hit. A bolt of electricity threw her against the back wall of the office. The lightning strike knocked out the department base radio as well as communications to the adjacent town hall. Plaintiff was driven to Brunswick Hospital, where she was treated and released.
4. Plaintiff had a scheduled four days off at that time, and she was able to drive from Sunset Beach to Salisbury to visit her boyfriend during that time. She returned to work on her next scheduled shift.
5. Plaintiff had no lost time for the September 5, 1993 lightning strike incident.
6. Plaintiff earned $565.00 per week on or about September 5, 1993, yielding a compensation rate of $376.67.
7. Between September 5, 1993 and October 18, 1997 plaintiff suffered various health problems that she had not experienced prior to the lightning strike. Her symptoms included partial loss of vision, fatigue, dental discomfort, chronic headaches and memory loss. Despite these symptoms, plaintiff continued to engage effectively in employment as a police officer.
8. By late 1997, plaintiff was experiencing cognitive problems, including getting lost on patrol and difficulty completing reports. She sought treatment with Scott Bennett, Ph.D., a licensed clinical psychologist, on November 13, 1997. Following the evaluation, Dr. Bennett found plaintiff in need of serious intervention to help identify the cause of her symptoms. It was further recommended that she consider temporary disability until her symptoms could be corrected.
9. On December 29, 1997, Dr. Marvin Rozear of Duke Medical Centers Neurology Department evaluated plaintiff. After her neurological examination was found to be normal, Dr. Rozear diagnosed plaintiff with memory loss following the lightning strike, fibromyalgia, post-traumatic stress disorder, hypoglycemia, lupus, and headaches secondary to sinusitis.
10. Plaintiff receives State disability retirement benefits and Social Security disability benefits. She last worked for the defendant-employer on October 18, 1997.
11. Plaintiff filed an I.C. Form 33 Request for Hearing before the Deputy Commissioner on January 15, 1998. This was the first notice the defendant received of plaintiffs workers compensation claim.
12. On January 20, 1998, plaintiff filed an I.C. Form 18 in which she contended that she had an occupational disease as a result of the 1993 lightning strike incident, that her disability from this occupational disease began October 18, 1997 and that she suffers from severe headaches, fatigue, memory loss, confusion, chronic depression, post-traumatic stress disorder, anxiety, mood swings, sleep disturbances, nightmares, irritability, impairment of concentration, distractibility and fibromyalgia.
13. Among other defenses, defendant maintained that that the claim was barred by the two-year statute of limitations since the incident causing the alleged occupational disease occurred on September 5, 1993 while her claim was not filed until January 20, 1998. The Deputy Commissioner dismissed the claim on this ground. This was error on the part of the Deputy Commissioner. The claim clearly states that it is a claim for an occupational disease and not for an injury by accident. The two-year statute of limitations on a claim for an occupational disease does not begin to run until two conditions are met: (1) the claimant has suffered a period of disability, and (2) the claimant has been advised by competent medical authority that her disability was caused by an occupational disease.
14. Plaintiff withheld the taking of medical depositions pending the ruling by the Deputy Commissioner on the jurisdictional issue. Since the Full Commission by this opinion and award reverses the Deputy Commissioner on the jurisdictional issue, the case must be reopened for the taking of medical depositions and for the development of the record with respect to increased risk of lightning strikes to persons working near antennas.
 ***********
Based upon the foregoing findings of fact, the Full Commission reaches the following:
 CONCLUSIONS OF LAW
1. Pursuant to N.C. Gen. Stat. 97-24, the right to compensation under the Act shall be forever barred unless a claim is filed with the Commission within two years. The timely filing of a claim for compensation is a condition precedent to the right to receive compensation and failure to file timely is a jurisdictional bar for the Industrial Commission. Reinhardt v. Womens Pavilion, Inc.,102 N.C. App. 83, 401 S.E.2d 138 (1991).
2. In occupational disease cases the two-year statute limitation does not begin to run until the claimant has been advised by competent medical authority that her disability was caused by an occupational disease and until the occupational disease results in a period of disability. In this case the plaintiff has carried her burden of proof with respect to both issues. Howard v. Square-D Co., 128 N.C. App. 303, 494 S.E.2d 606
(1998).
 ***********
Based upon the foregoing findings of fact and conclusion of law, the Full Commission enters the following
 ORDER
1. The Full Commission retains jurisdiction of this case.
2. The parties shall proceed forthwith to take necessary medical depositions, scheduling and taking those depositions within 90 days of this Order.
3. The Deputy Commissioner division of the Industrial Commission shall schedule a hearing for the purpose of hearing testimony with respect to the issue of increased risk of being struck by lightning by persons working in a building near an antenna and for any other testimony deemed necessary by the parties. A transcript of this hearing shall be furnished to the members of the Full Commission panel signing this order, as shall copies of any medical depositions taken. Since the Full Commission has retained jurisdiction of this case, it is not necessary for the Deputy Commissioner holding the hearing to enter any Opinion and Award.
4. Defendant shall pay the costs.
This 18th day of May, 2001.
 S/_____________ THOMAS J. BOLCH COMMISSIONER
CONCURRING:
 S/___________________ BERNADINE S. BALLANCE COMMISSIONER
 S/_______________ CHRISTOPHER SCOTT COMMISSIONER